**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) | |
| *Plaintiffs*, | ) | No. 12-cv-4789 |
| v. | ) | |
| BILL ME LATER, INC., a Delaware corporation, | ) | Judge: |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Misty Murray and Shaun Murray ("Plaintiffs") bring this class action complaint against Defendant Bill Me Later, Inc. ("BML") to stop Defendant's practice of placing unauthorized telephone calls to consumers using a prerecorded or artificial voice, and to obtain redress for all persons injured by Defendant's conduct. For their class action complaint, Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1. In an effort to advance its consumer loan origination business, BML, a purveyor of consumer loans for products purchased at various retail stores online, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the telephones of individuals throughout the nation.

2. By effectuating these unauthorized robocalls, Defendant has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and privacy invasion that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiffs, must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiffs, on behalf of themselves and a nationwide class, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited telephone calls using a prerecorded or artificial voice.

4. On behalf of the proposed Classes, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized telephone calls using a prerecorded or artificial voice and an award of actual and statutory damages to the class members, together with costs and attorneys' fees.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

6. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332(d) because (a) at least one member of the putative class is a citizen of a state different from any Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the exceptions under that subsection apply to the instant action.

7. This Court has personal jurisdiction over the Defendant because Defendant transacts business in this District and transmitted the unauthorized calls to Plaintiffs within this District.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b) because Plaintiffs reside in this District, Defendant transacts business in this District, and a substantial part of the events concerning the unauthorized calls at issue occurred in this District, as Plaintiffs received Defendant's unauthorized prerecorded and/or artificial voice calls within this District.

## PARTIES

9. Plaintiffs Misty Murray and Shaun Murray are married individuals domiciled in Kane County, Illinois.

10. Defendant is a nationwide purveyor of consumer loans offered and transacted through websites of numerous well-known merchants, such as Wal-Mart and Best Buy. Defendant is a Delaware corporation with its principal place of business located in Maryland. Defendant is registered and conducts business in Illinois, including in this District, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

11. Defendant BML is a provider of an online payment service for consumers. Defendant's service, known as "Bill Me Later," offers credit to consumers in the form of loans for the purchase of merchandise at "over 1,000 retail stores" online.[1]

[1] For example, if a consumer attempts to purchase an item from WalMart's website, "Bill Me Later" appears as a payment option alternative to credit card use. The consumer may elect to utilize the BML service by filling out an application, which includes a phone number. The approval process is nearly instantaneous and, if approved, BML's agent, third-party financial institution WebBank Corporation, funds the loan for the consumer's direct purchase of the item.

12. While Defendant does not provide funding for individual loans itself (Defendant's agent, third-party WebBank Corporation, is the lender), Defendant solicits consumers to apply for such loans, processes their applications and remains involved in the administration of such loans for the duration of their terms.

13. As an ordinary business practice, Defendant BML collects telephone numbers from consumers who apply for a BML-originated loan and informs such consumers that they can expect to receive calls from Defendant at the number provided.

14. Defendant's loan application and administration processes lack the procedures necessary to confirm that the telephone numbers Defendant receives or calls actually belong to the loan applicants providing them.

15. As a consequence, many of the telephone numbers in Defendant's database are inaccurate, resulting in Defendant routinely placing prerecorded or artificial voice telephone calls to individuals who never provided consent to be called by Defendant.

16. For instance, beginning on or about March 20, 2012, Defendant attempted to contact someone named "Feeza Tahir," stating it had "an important message" about such person's alleged Bill Me Later account, in an apparent effort to collect on a debt.

17. Instead of calling Feeza Tahir, however, Defendant and/or its telemarketing agents called Plaintiffs and left the following message on their telephone:

> I'm calling Feeza Tahir with an important message regarding your Bill Me Later account. Please call us today toll free at (800) 684-4340 and use the following reference code: 1700. The toll free number again is (800) 684-4340 and the reference code is 1700. You may also visit our website at www.BillMeLater.com. Thank you for your attention to this important matter. We look forward to hearing from you.

18. The above message was prerecorded and/or featured a non-human "artificial" voice.

19. Upon information and belief, Defendant places calls, including the calls made to Plaintiffs, *en masse* using a "predictive" dialer, which automatically places calls without human intervention until the called party answers the call, at which time the automatic dialer attempts to connect the called party with a human representative.

20. Since receiving that initial call in March 2012, Plaintiffs have had their privacy invaded by Defendant virtually every day, receiving the same or similar telephone calls from a prerecorded and/or artificial voice on scores of occasions over the last several months.

21. Exasperated, Plaintiffs repeatedly informed Defendant's customer service department that the phone number that Defendant had been calling did not belong to Feeza Tahir and that Defendant did not have permission to call that number. However, Plaintiffs' complaints were repeatedly ignored by Defendant, and Defendant's unauthorized robocalls continued unabated.

22. At no time did Plaintiffs sign up to receive Defendant's consumer loan services, and at no time did Plaintiffs provide Defendant with consent to receive any telephone calls, including any prerecorded or artificial voice calls, from Defendant.

**CLASS ACTION ALLEGATIONS**

23. Plaintiffs bring this action on behalf of themselves and two classes (the, "Classes") defined as follows:

(i) Called Party Class: All persons in the United States and its territories who received one or more telephone calls from Defendant featuring a prerecorded or artificial voice where the

called party was not the same individual who, according to Defendant's records, provided the phone number to Defendant; and

(ii) Revocation Class: All persons in the United States and its territories who received one or more telephone calls from Defendant featuring a prerecorded or artificial voice after communicating to Defendant that Defendant did not have consent to make any such calls to that telephone number.

24. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Classes.

25. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26. Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

27. The factual and legal bases of Defendant's liability to Plaintiffs and to the other members of the Classes are the same, resulting in injury to the Plaintiffs and to all of the other

members of the Classes. Plaintiffs and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

28. Upon information and belief, there are thousands of members of both Classes such that joinder of all members is impracticable.

29. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Did Defendant systematically place calls using a prerecorded or artificial voice to persons that did not previously provide Defendant with consent to call their respective telephone numbers?

(b) Did Defendant systematically continue to place calls using a prerecorded or artificial voice to persons who communicated to Defendant that they did not consent to receive such calls from Defendant?

(c) Did the calls made by Defendant using a prerecorded or artificial voice violate the called parties' respective rights to privacy?

(d) Was Defendant's conduct in violation of the TCPA willful such that the Class members are entitled to treble damages?

**COUNT I**
**(Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Classes)**

30. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the telephone numbers of Plaintiffs and the other members of the Classes.

32. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

33. As a result of Defendant's illegal conduct, the members of the Classes suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

34. Defendant's misconduct was willful and knowing, and the Court should, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Classes.

WHEREFORE**,** Plaintiffs, on behalf of themselves and the Classes, pray for the following relief:

1. An order certifying the Classes as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendant to cease all unauthorized prerecorded and/or artificial voice telephone activities;
4. An award of reasonable attorneys' fees and costs;
5. Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: June 15, 2012

MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals

By: /s/ Evan M. Meyers
One of their attorneys

Evan M. Meyers
John Ochoa
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378
emeyers@edelson.com
jochoa@edelson.com
Firm ID: 44146

Michael J. McMorrow
mjmcmorrow@smithmcmorrow.com
SMITH & MCMORROW P.C.
53 West Jackson Blvd., Suite 1018
Chicago, IL 60604
Tel: (312) 546-6139
Fax: (888) 664-8172
mjmcmorrow@smithmcmorrow.com

*Attorneys for Plaintiffs Misty Murray and Shaun Murray*