IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No.   12-cv-04789 |
| v. | ) ) ) | Hon. Sara L. Ellis |
| BILL ME LATER, INC., a Delaware corporation, | ) ) | |
| *Defendant*. | ) | |

**DECLARATION OF EVAN M. MEYERS IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**

I, Evan M. Meyers, hereby aver, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18 and a resident of the State of Illinois. I am licensed to practice law in the State of Illinois and in the United States District Court for the Northern District of Illinois. I am one of the attorneys representing the Plaintiffs in this matter and have been appointed Class Counsel by this Court. I am fully competent to make this Declaration and make such Declaration in support of Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards.

2. I am an attorney with the law firm McGuire Law, P.C. and I, along with Myles McGuire of McGuire Law, P.C. and Michael J. McMorrow or McMorrow Law, P.C., have been appointed as Class Counsel in this matter representing Plaintiffs Misty Murray and Shaun Murray and the Settlement Class.

3. The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience in class action lawsuits similar in size and complexity to the instant case. Myles McGuire and I have been appointed as class counsel in numerous complex consumer class actions. *See, e.g*, *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al*., (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.*, (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012).

4. The attorneys of McGuire Law, P.C. have intimate knowledge of the law in the field of telecommunications and cellular telephone technology and have been pioneers in the field of consumer class actions involving unauthorized telephone calls under the TCPA. Myles McGuire and I have extensive experience in prosecuting consumer class actions involving the TCPA and we and/or our firms have served as class counsel in a number of precedent-setting TCPA cases. *See, e.g., Shen et al v. Distributive Networks, Inc*. (N.D. Ill. 2007); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox*, (N.D. Ill.

2011); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.*, (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014).

   5.  I have twelve years of extensive experience in complex commercial litigation and have regularly litigated cases in state and federal trial and appellate courts across the nation, including the Northern District of Illinois. Prior to being a partner with McGuire Law, P.C., I was Senior Counsel at a class action litigation boutique from 2009 through 2012; prior to that, I was an associate at a large, national full-service law firm from 2002 to 2009.

   6.  I received my B.A. from the University of Michigan—Ann Arbor, and I graduated from the University of Illinois College of Law in 2002. My colleague, Myles McGuire, graduated from Marquette University Law School in 2000.

*Class Counsel's Contribution to the Case*

   7.  From the outset of this case, the attorneys of McGuire Law, P.C. anticipated spending hundreds, if not thousands, of hours litigating the claims in this matter with no guarantee of success. Class Counsel understood that prosecution of this case would require that other work be foregone, that there was significant uncertainty surrounding the applicable legal and factual issues, particularly involving a mass robocall service operated by a large corporation as part of its nationwide business, and that there would be significant opposition from a large Defendant with substantial resources.

3

8. Throughout the litigation Defendant and its counsel mounted a vigorous opposition, consistently arguing that Plaintiffs would not be able to certify a damages class and contesting whether Defendant would be liable under the TCPA to Plaintiff and to many Settlement Class Members. Had this case not settled, Defendant undoubtedly would have contested class certification, as well as the underlying factual allegations of the case, in the District Court and potentially in the Seventh Circuit Court of Appeals.

9. Analysis of novel issues, significant investigation and discovery involving complex communications technology and the review and analysis of millions of records, and careful and extended negotiation of the final Settlement Agreement were required to ensure a substantial benefit to the class.

10. In addition to Publication Notice, Direct Notice of this Settlement was provided by First-Class Mail to approximately 285,000 consumers, and notice was provided by email to an additional approximately 27,000 consumers. As of the date of this Declaration, approximately 27,555 Claim Forms have been received by the Settlement Administrator. There have only been 15 requested exclusions.

11. The work that the attorneys of McGuire Law, P.C. have committed to this case has been substantial. Among other things, the attorneys of McGuire Law, P.C.:

- a. Conducted extensive pre-suit investigation, including identification and early legal analysis of the allegations at issue in this case;
- b. Drafted and filed Plaintiffs' Class Action Complaint;
- c. Drafted and filed a Motion for Class Certification or, Alternatively, for Deferred Ruling Pending Discovery, a procedure then considered untested in the immediate post-*Damasco* landscape.
- d. Communicated early and often with Defendant's counsel, so as to open and maintain a dialogue regarding the parties' respective views of the relevant facts, law, and overall direction of the litigation.

e. Communicated at length with Defendant's counsel about withdrawal of Plaintiffs' class certification motion, including negotiation about the avoidance of client "pick-offs."

f. Engaged in substantial written discovery, including drafting two rounds of documents requests and two rounds of interrogatories, and responding to Defendant's document requests and interrogatories.

g. Reviewed and analyzed thousands of pages of data produced by Defendant, including data for millions of telephone calls over multiple years;

h. Engaged expert witness to analyze data produced in discovery, and engaged in many written and telephonic conversations with the retained expert.

i. Had extensive communications with Defendant's counsel about discovery deficiencies, including the drafting of multiple discovery deficiency letters and two motions to compel.

j. Conducted three depositions, which required travel, and defended the depositions of both Class Representatives.

k. Attended fourteen (14) Court hearings.

l. Drafted a comprehensive mediation statement and attended two full-day mediation session at JAMS in San Francisco with the Hon. Edward Infante (Ret.);

m. Engaged in continued communication, negotiations, and the exchange of settlement drafts with Defendant's counsel, which resulted in the drafting and execution of the finalized Settlement Agreement and related documents, including class notice and claim form documents;

n. Engaged in multiple telephone and email communications with the Settlement Administrator about class notice, settlement website, publication strategy, and claim submission.

o. Successfully briefed and moved for preliminary approval of the Settlement; and

p. Pursuant to the terms of the Settlement, effectuated notice to class members and responded to Class Member inquiries.

12. Our firm's billable rates and the hours of each person who worked on these matters are incorporated in the chart below. In my opinion, the expenditure of time by attorneys and staff of McGuire Law, P.C. was reasonable and necessary. Mr. McGuire and I were aware of the need to do all of the work necessary to prosecute this action to the best of our ability. At the same time, by taking this case on a contingency

basis and not being paid by the hour, we all had an incentive to conduct our efforts efficiently and to avoid duplicative or unnecessary work.

13. Our firm's practice generally, which was followed in this case, is to use a collaborative effort – both among ourselves and with other Plaintiffs' counsel – in the drafting of court filings, exhibits, discovery-related documents, and other important documents. Mr. McGuire, Mr. McMorrow, and I also worked very closely and collaboratively throughout this action, including with respect to litigation and settlement strategy, document and data review, and deposition preparation. Mr. McGuire, Mr. McMorrow and I all made a conscious effort to minimize the duplication of work.

14. I believe that McGuire Law, P.C. assumed a significant risk of non-payment in initiating and prosecuting this case given the novelty of legal issues involved, the breadth of the telephone calls at issue, the complexity of the communications processes at issue, and the vigorous and nuanced defenses that Defendant and its highly skilled counsel raised throughout the litigation and were prepared to further raise had this case proceeded. My colleagues and I would not have brought this action absent the prospect of obtaining a percentage of the fund or a multiplier on their actual fees expended to account for the risk inherent in this type of class action.

15. Prior to the initiation of this litigation, the Class Representatives executed a fee agreement with my firm that was contingent in nature. The Class Representatives agreed *ex ante* that 33% of any settlement fund, plus reimbursement of all costs and expenses, would represent a fair award of attorneys' fees from a fund recovered for the class.

6

16. As is the general practice of most law firms, the attorneys of McGuire Law, P.C., as well as its law clerks, were responsible for keeping track of their own billable time, and did so with detailed daily time entries.

17. Based on my experience doing both large firm defense work and plaintiffs' class action work and my knowledge of the billing rates of other firms that pursue complex consumer class action litigation, I believe that the billing rates of the attorneys at McGuire Law, P.C. properly correlate to their respective experience, are reasonable in the Chicago legal market, and approximate the average rates of attorneys with similar backgrounds and experience. Additionally, numerous federal courts have approved our prevailing billing rates in substantially similar litigation under the TCPA. *See, e.g., Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013).

18. The rates listed below are the same rates assessed to hourly clients. The hours and rates of the McGuire Law, P.C. attorneys are provided below and represent the total work our firm has undertaken since the inception of this litigation, including case investigation, research, briefing, discovery and data analysis, negotiation, and settlement. This chart does not include the time of other individuals, including associates and clerks, who worked on this case when the attorneys of McGuire Law, P.C. were associated with a different law firm at the outset of this case. Such additional otherwise-billable time is not included as part of Class Counsel's lodestar.

| ATTORNEY (Position) | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Myles McGuire (Partner) | 386.8 | $650 | $251,420.00 |
| Evan M. Meyers (Partner) | 979.3 | $595 | $582,683.50 |
| Law Clerk | 176.6 | $220 | $38,852.00 |
| **Total Lodestar** | | | $872,955.50 |

19. Based on my experience, I anticipate that our firm will expend an additional $40,000-$70,000 in attorney time over the pendency of this action relating to briefing and filing a motion for final approval of the Settlement, attending the final approval hearing, responding to Class Members' inquiries regarding the Settlement and advising them how to proceed, responding to objectors, and remaining involved with the Settlement through implementation.

20. In addition to attorney time, McGuire Law, P.C. has expended $78,728.06 in reimbursable expenses, including filing fees, expert fees, consulting fees, mediation fees, travel, lodging, deposition transcripts, copying, and case administration. Every effort was made to keep these expenses at a minimum. Being responsible for advancing all expenses, Class Counsel had a strong incentive not to expend any funds unnecessarily.

*Class Representatives*

21. From the onset, each of the Class Representatives has been critically involved in this litigation and has remained committed to the Class, has willingly

8

contributed his/her own time and expended efforts toward this litigation, and is deserving of the proposed Incentive Award. The Class Representatives were instrumental is assisting Class Counsel's investigation at the outset of this case and have remained fully involved in its prosecution. Moreover, the Class Representatives received scores of automated calls from Defendant and chose to proceed with their claims on behalf of a class, despite having financial incentive to pursue their claims on an individual basis, and have succeeded in obtaining nonmonetary as well as financial relief on behalf of a nationwide class.

22. The Class Representatives were consistently available to consult with Class Counsel in person, over the phone, and by email and did so on numerous occasions. The Class Representatives were each deposed by Defendant. The Class Representatives reviewed and responded to discovery requests, reviewed pleadings and settlement documents, and produced documents and information, committing numerous hours of time and stress for the benefit of the class.

23. Were it not for their efforts and contributions to the litigation by assisting Class Counsel with their investigation and filing of this suit, their participation in responding to the Defendants' discovery and agreeing to be deposed, and their monitoring of the case throughout its litigation, the substantial benefit to the class afforded under this Settlement Agreement would not have resulted.

24. The Class Representatives have not received any payments in this matter, were never promised any payments, and were not promised that they would receive an award of any kind in this litigation. Rather, the requested Incentive Award seeks only to compensate the Class Representatives for their time, effort, and contributions to this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2014 in Deerfield, Illinois.

/s/ Evan M. Meyers
Evan M. Meyers
