IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 12-cv-04789 |
| v. | ) ) | Hon. Sara L. Ellis |
| BILL ME LATER, INC., a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) | |

**DECLARATION OF MICHAEL J. MCMORROW
IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE
ATTORNEYS' FEES, EXPENSES & INCENTIVE AWARDS**

Pursuant to 28 U.S.C. § 1746, I, Michael J. McMorrow, hereby declare and state as follows:

1. I am over the age of eighteen, and an attorney admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois. I make this declaration based upon my personal knowledge unless otherwise indicated. This declaration is made in support of Plaintiffs' Motion for Approval of Reasonable Attorneys' Fees, Expenses, and Incentive Awards in this matter.

2. I am the founder and owner of McMorrow Law, P.C., and have been appointed by the Court as Class Counsel in this matter, along with Myles McGuire and Evan Meyers, both of McGuire Law, P.C. I have been practicing law for 14 years. Prior to starting my own firm, I was a partner in two other litigation boutiques between 2009 and 2013; prior to that, I was an associate and Senior Counsel at one of the largest full-service law firms in the nation from 2000 through 2008.

1

3. I, as well as other attorneys appointed as Class Counsel in this matter, have regularly engaged in major complex litigation, and have had experience in prosecuting consumer class action lawsuits of similar size and complexity.

4. I have been appointed lead class counsel in several class actions brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C § 227 ("TCPA"), including *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, No. 11-Md-00261 (MDL - S.D. Cal.), which consolidated seven class actions in the Southern District of California, *Lozano v. Twentieth Century Fox Film Corp, et al.*, No. 09-6344 (N.D. Ill.) and *Espinal v. Burger King Corp., et al.*, 09-20982 (S.D. Fla.), each of which resulted in significant classwide relief to consumers under the TCPA. My practice involves significant TCPA litigation, and I have been counsel in several significant reported decisions under the TCPA, including *Lozano*, 702 F. Supp. 2d 999 (N.D. Ill. 2010), *Abbas v. Selling Source*, 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009), *Kramer v. Autobytel, Inc*., 759 F. Supp. 2d 1165 (N.D. Cal. 2010), *Gomez v. Campbell-Ewald Company*, 805 F.Supp.2d 923 (C.D. Cal. 2011) & --- F.3d ----, No. 13-55486 (9th Cir. Sep. 19, 2014), and *In re Jiffy Lube Int'l, Inc., Text Spam Litig*., 847 F. Supp. 2d 1253 (S.D. Cal. 2012).

5. I have also been appointed class counsel in nationwide class actions not involving the TCPA, including *Ryan v. Snackable Media*, 08 CH 31842 (Cook Co., Ill.) and in the multidistrict litigation *In re Kentucky Grilled Chicken Marketing and Practices Litig*., 09-7670 (MDL - N.D. Ill.), which consolidated four class action suits in Illinois, California and Michigan and for which final approval was granted on November 30, 2011.

6. In addition to my class action experience, I have extensive experience in commercial litigation and large-scale regulatory litigation. I have regularly litigated cases in state and federal trial and appellate courts across the nation, as well as before state regulatory

agencies. I have been a member of the Trial Bar of the Northern District of Illinois since 2005, and am admitted to practice before the Seventh and Ninth Circuit Courts of Appeal, the Judicial Panel on Multidistrict Litigation, and the United States Supreme Court.

7. I have been involved in the prosecution of this case since its inception, and have devoted significant time to this case at all points in the litigation since that time.

8. The retainer agreement between the plaintiffs Misty Murray and Shaun Murray and my colleagues at McGuire Law, P.C. contains a contingency fee arrangement and I was aware that my all attorney time spent on this matter would be provided with no guarantee of success or recompense.

9. I am familiar with (i) the claims, evidence, and legal arguments involved in this Settlement, (ii) the terms of the Settlement Agreement, and (iii) the relevant defenses, evidence, and legal arguments to date by both sides to the litigation. Based on my experience, I believe that the Settlement reached in this case is clearly in the best interest of the Settlement Class Members, as it provides them with significant financial compensation for their claims, up to the full statutory amount available under the TCPA.

10. After the Settlement Administrator in this matter executed the Notice Plan set forth in the Settlement Agreement and approved by the Court in the Preliminary Approval, I was contacted by telephone by dozens of Settlement Class Members. None of the Settlement Class Members with whom I spoke objected to the terms of the Settlement Agreement, the attorneys' fees or expenses listed in the notices, or the Incentive Awards for the Class Representatives.

11. My office, to date, has received no negative comments or opposition to the Settlement from any state or federal entity in response to the notice provided by Defendants pursuant to the Class Action Fairness Act.

12. Throughout my involvement in this matter, I ensured that I did my part to litigate efficiently, and without undue duplication of effort. Not being paid by the hour, I had every incentive to avoid the unnecessary expenditure of funds and other resources and did avoid the same.

13. As reflected in the chart below, as of October 3, 2014, the total adjusted number of attorney hours I spent on this case is 1,082.5. The total lodestar amount for attorney time based on my current rates was $676,562.50 as of that same date. The lodestar figure is based on the ordinary professional billing rate that my law office charges clients for my time, including those that pay for legal services by the hour. Expenses are accounted for and billed separately and are not duplicated in my professional billing rate; in this case, however, I have not incurred any non-recoverable expenses to date.

| **ATTORNEY (POSITION)** | **YEARS OF PRACTICE** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|---|
| Michael J. McMorrow | 14 | 1082.5 | $625.00 | $676,562.50 |
| **TOTAL** | | 1082.5 | $625.00 | $676,562.50 |

14. Based on my experience litigating consumer class actions (in addition to my other experience handling complex commercial litigation and regulatory litigation) and my knowledge of the billing rates of other firms that pursue complex consumer class action litigation, I believe that the rates billed by me and by the other attorneys performing work on this litigation are billed at rates that correlate to their respective experience, that are reasonable in the Chicago legal market and are at or below average for attorneys of similar backgrounds and experience. Additionally, state and federal courts in other consumer class action settlements have approved rates substantially similar to these in similar cases.

15. Based on my past experience, I anticipate that my firm will expend an additional $20,000-$45,000 in attorney time over the pendency of this action relating to briefing and filing a motion for final approval of the Settlement, working with the Settlement Administrator on administrative items, preparing for and attending the final approval hearing, responding to objectors, and continuing to respond to Settlement Class Members' inquiries regarding the Settlement and advising them how to proceed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of October, 2014.

       /s/ Michael J. McMorrow
          Michael J. McMorrow

*Counsel for Misty Murray and Shaun Murray and Class Counsel*