# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 12-cv-4789 |
| v. | ) ) | |
| BILL ME LATER, INC., a Delaware corporation | ) ) | Honorable Sara L. Ellis |
| *Defendant*. | ) | |

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

# TABLE OF CONTENTS

**Page**

RECITALS ................................................................................................................................... 1

I.      DEFINITIONS................................................................................................................. 3

II.     MOTION FOR PRELIMINARY APPROVAL AND PRELIMINARY
CERTIFICATION OF PROPOSED SETTLEMENT CLASS FOR
SETTLEMENT PURPOSES AND MOTION FOR FINAL ORDER AND
JUDGMENT.................................................................................................................. 10

III.    PAYMENTS TO THE SETTLEMENT CLASS............................................................ 18

IV.    SETTLEMENT ADMINISTRATION. ......................................................................... 23

V.     RELEASE. ...................................................................................................................... 25

VI.    INCENTIVE AWARD TO PLAINTIFFS...................................................................... 25

VII.   ATTORNEYS' FEES. .................................................................................................... 26

VIII.  CONTINGENCIES, EFFECT OF DISAPPROVAL OR TERMINATION OF
SETTLEMENT.............................................................................................................. 27

IX.    NO ADMISSION OF WRONGDOING. ....................................................................... 28

X.     MISCELLANEOUS. ..................................................................................................... 29

ACTIVE 202243271v.3

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement" or "Settlement")[1] is entered into between Plaintiffs Misty Murray and Shaun Murray (collectively, the "Plaintiffs"), on behalf of themselves individually and on behalf of a class of persons defined below (defined below as the "Settlement Class"), and defendant Bill Me Later, Inc. ("Defendant" or "Bill Me Later" or "BML"). Plaintiffs and Defendant are collectively referred to in this Agreement as the "Parties." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

## RECITALS

**WHEREAS**, on June 15, 2012, Plaintiffs filed a putative class action lawsuit in the United States District Court for the Northern District of Illinois, entitled *Misty Murray and Shaun Murray v. Bill Me Later, Inc.*, No. 12-cv-4789 (the "Litigation");

**WHEREAS**, in the Litigation, Plaintiffs contended that Defendant violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by (a) making automated calls to cellular phones without prior express consent in violation of §227(b)(1)(A)(iii) and (b) making automated calls to residential telephones without prior express consent in violation of §227(b)(1)(B);

**WHEREAS,** after the lawsuit was filed, the Parties engaged in written and oral discovery, whereby Defendant produced thousands of pages of documents and made its employees available for depositions, and the Parties also obtained information and documents from third-parties through subpoena and otherwise;

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in Section I of this Settlement Agreement.

-1-

**WHEREAS**, following the substantial completion of discovery, but prior to any briefing on class certification, the Parties agreed to engage in settlement discussions to determine whether a consensual resolution of the Litigation could be reached;

**WHEREAS,** in an effort to facilitate the settlement discussions, the Parties retained a private mediator, Hon. Edward A. Infante (ret.) of JAMS, Inc. (the "Mediator"), who is located in San Francisco, California and has substantial experience mediating putative class action lawsuits brought under the TCPA, in an attempt to mediate a resolution of the Litigation;

**WHEREAS,** in connection with the mediation efforts, the Parties submitted mediation briefs and provided certain factual information to the Mediator;

**WHEREAS,** the Parties participated in two full-day sessions with the Mediator (on January 28, 2014 and March 13, 2014) during which they engaged in extensive discussions about the proposed terms of settlement;

**WHEREAS**, at the end of the March 13, 2014 mediation session, the Parties reached an agreement in principle to resolve the case;

**WHEREAS**, at the end of the March 13, 2014 mediation session, the Parties executed a settlement term sheet that contained the principal terms of their agreement to resolve the case;

**WHEREAS**, Plaintiffs' attorneys have thoroughly investigated the relevant facts regarding BML's use of automated dialing systems and BML's practices with respect to obtaining consent from its customers, and they have thoroughly researched the law relating to the Litigation, before determining whether the Litigation should be resolved and before determining whether to enter into this Settlement Agreement;

**WHEREAS**, BML denies all liability for the claims made in the Litigation;

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendant has agreed to settle all claims, demands, and liabilities between Defendant, Plaintiffs, and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation;

**WHEREAS,** Plaintiffs and their counsel believe that the claims asserted in this Litigation have merit but have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering (1) the benefits the Settlement Class will receive under this settlement, (2) the fact that Defendant has demonstrated that it will vigorously oppose both the claims asserted in the Litigation and class certification if this case is not settled, and (3) the attendant risks, costs, uncertainties, and delays of proceeding with the Litigation; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length;

**NOW, THEREFORE**, it is agreed, by and among the undersigned, that this Litigation shall be settled on the terms and conditions set forth herein, subject to judicial approval.

## I.      DEFINITIONS.

1.1      "Administration Costs" shall mean (i) the costs and expenses associated with the production and dissemination of the Class Notice, (ii) the costs and expenses of the Settlement Administrator and the Mediator, and (iii) any other costs associated with the Settlement of this Litigation (other than Plaintiffs' Incentive Awards and attorneys' fees and expenses sought by Class Counsel).

1.2      "Agreement Execution Date" shall mean the date on which the final signature is affixed below to execute this Settlement Agreement.

1.3     "Attorneys' Fee Order" shall mean the Court's order on the Fee and Expense Application made as contemplated in paragraphs 7.1 and 7.2.

1.4     "Attorneys' Fee Order Effective Date" shall mean the date upon which the Attorneys' Fee Order becomes both final and no longer subject to appeal or review (or further appeal or review), whether by exhaustion of any possible appeal, lapse of time, or otherwise.

1.5     "BML," "Bill Me Later," or "Defendant" shall mean Bill Me Later, Inc.

1.6     "Bill Me Later's Counsel" or "Defendant's Counsel" shall mean Sidley Austin LLP.

1.7     "Claim Form" shall mean the form that Settlement Class Members are required to complete in order to receive a distribution from the Settlement Fund, and identical in all material respects to that attached hereto as Exhibit C.

1.8     "Claims Deadline" shall mean the date by which all Claim Forms must be postmarked or received electronically to be considered timely and shall be set, subject to approval by the Court, on a date twenty-one (21) days after the Final Approval hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Claim Form and in the Long Form Class Notice and the Publication Notice.

1.9     "Class Counsel" shall mean Myles McGuire and Evan M. Meyers of McGuire Law, P.C. and Michael J. McMorrow of McMorrow Law, P.C.

1.10     "Class Notice" shall mean both the Long Form Class Notice and the Publication Class Notice, collectively.

1.11    "Class Period" shall mean the period from June 15, 2008 to the date of entry of the Preliminary Approval Order.

1.12    "Class Representatives" shall mean the named Plaintiffs in this Litigation, Misty Murray and Shaun Murray.

1.13    "Court" shall mean the United States District Court for the Northern District of Illinois, Judge Sara L. Ellis, or any judge who shall succeed her as the Judge in this Litigation, presiding.

1.14    "Distributable Settlement Fund" shall have the meaning ascribed to it in paragraph 3.2(a).

1.15    "Effective Date" shall mean the date upon which the Final Order and Judgment becomes both final and no longer subject to appeal or review (or further appeal or review), whether by exhaustion of any possible appeal, lapse of time, or otherwise.

1.16    "Escrow Account" shall mean an account at an established financial institution agreed upon by the Parties that is established for the deposit of any and all amounts of the Settlement Fund by Defendant.  At all times, the Escrow Account shall be held *in custodia legis*, subject to the approval of the Court.

1.17    "Escrow Agent" shall mean the Settlement Administrator, or whatever other person or entity is selected to act as escrow agent for any portion of the Settlement Fund deposited in or accruing in the Escrow Account pursuant to this Agreement.

1.18    "Final Approval Hearing" shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement Agreement should receive Final Approval by the Court.

-5-

1.19    "Fee and Expense Application" shall mean the petition, to be filed by Class Counsel, seeking approval of an award of attorneys' fees, costs and expenses.

1.20    "Final Approval" shall mean the entry of the Final Order and Judgment.

1.21    "Final Order and Judgment" shall mean a final order entered by the Court after the Final Approval Hearing, identical in all material respects to that attached hereto as Exhibit B, granting its approval of the Settlement.

1.22    "Incentive Award" shall have the meaning ascribed to it in paragraph 6.1.

1.23    "Litigation" shall mean *Misty Murray and Shaun Murray v. Bill Me Later, Inc.*, No. 12-cv-4789 (N.D. Ill.).

1.24    "Long Form Class Notice" shall mean the non-summary notice that will be mailed, or made available on a website, to all Settlement Class Members and shall contain all of the information specified in Rule 23(c)(2)(B), identical in all material respects to that attached hereto as Exhibit C.  The Long Form Class Notice will also include the Claim Form.

1.25    "Mediator" shall mean Hon. Edward A. Infante (ret.) of JAMS, Inc.

1.26    "Notice Date" shall mean the date by which the Notice Plan has been completely carried out, which shall be a date no later than forty-eight (48) days after entry of the Preliminary Approval Order.

1.27    "Notice Plan" shall mean the proposed plan of disseminating to members of the Settlement Class notice of the proposed Settlement and of the Final Approval Hearing developed by the Settlement Administrator and approved by the Court, a copy of which is attached hereto as Exhibit E.

-6-

1.28    "Objection/Exclusion Deadline" shall mean the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by Persons within the Settlement Class must be postmarked or submitted electronically via the Website administered by the Claims Administrator, which shall be a date no later than ninety-one (91) days after entry of the Preliminary Approval Order.

1.29    "Parties" shall mean Plaintiffs and Defendant, collectively.

1.30    "Person" shall mean any individual, corporation, partnership, company, association, estate, legal representative, trust, or any business or legal entity.

1.31    "Plaintiffs" shall mean Misty Murray and Shaun Murray, collectively.

1.32    "Preliminary Approval Order" shall mean an order entered by the Court preliminarily approving the Settlement, including the Court's certification of the Settlement Class and approval of the Notice Plan, pursuant to paragraph 2.1, and identical in all material respects to that attached hereto as Exhibit A.

1.33    "Publication Class Notice" shall mean the summary notice, identical in all material respects to that attached hereto as Exhibit D, that will be published in print form in various periodicals and in electronic form, including on various websites, pursuant to the Notice Plan, and will direct Settlement Class Members to a website at which they can obtain the Long Form Class Notice and other information about the Litigation.

1.34    "Publication Notice" shall mean the component of the Notice Plan agreed to by the Parties by which the Publication Class Notice will be published in print form in various periodicals and online in order to reach potential Settlement Class Members who do not receive directly-mailed Long Form Class Notice.

-7-

1.35    "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that in any way relate to automated calls (i.e., those made using an Automatic Telephone Dialing System and/or an artificial or prerecorded voice) made by or on behalf of Bill Me Later or are connected with acts, omissions, facts, statements, representations, matters, transactions, or occurrences that have been alleged or could have been alleged on behalf of the Settlement Class in the Litigation and arising during the Class Period.

1.36    "Released Parties" shall mean (a) Bill Me Later, WebBank, Comenity Capital Bank, and CIT Bank, as well as all of Defendant's, WebBank's, Comenity Capital Bank's, and CIT Bank's present, past, and future predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees; and (b) any entity that could be deemed to have made telephone calls on behalf of one of the entities listed in subsection (a), including but not limited to CSG Interactive Messaging, Inc., CSG Systems International, Inc., and CSG International, as well as all of their present, past, and future predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees.

1.37    "Settlement" shall mean the compromise and settlement embodied in this Settlement Agreement.

1.38    "Settlement Administrator" shall mean Heffler Claims Group.

1.39    "Settlement Class" shall have the meaning ascribed to it in paragraph 2.1.

1.40    "Settlement Class Member" shall mean a Person who falls within the definition of the Settlement Class.

1.41    "Settlement Fund" shall mean the total lump sum amount of $9,900,000.00.

1.42    "Unknown Claims" shall mean any Released Claims which Plaintiffs or any members of the Settlement Class do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their settlement with and release of the Released Parties.  Without admitting that California law in any way applies to this Agreement, with respect to any and all Released Claims, the Parties agree that, upon the entry of the Final Order and Judgment, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.

-9-

Plaintiffs and all Settlement Class Members shall be deemed by operation of the Final

Order and Judgment to have acknowledged that the foregoing waiver was separately

bargained for and a key element of the Settlement of which this release is a part.

## II. MOTION FOR PRELIMINARY APPROVAL AND PRELIMINARY CERTIFICATION OF PROPOSED SETTLEMENT CLASS FOR SETTLEMENT PURPOSES AND MOTION FOR FINAL ORDER AND JUDGMENT.

2.1 *Motion for Preliminary Approval and Preliminary Certification of*

*Settlement Class*.  As soon as practicable after execution of this Agreement, Plaintiffs

shall move the Court, pursuant to Rule 23(e) and 23(g), for (i) preliminary approval of

the Settlement, including entry of an order identical in all material respects to the form of

the Preliminary Approval Order attached hereto as Exhibit A, (ii) preliminary

appointment of Class Representatives and Class Counsel, and (iii) for purposes of this

Settlement only, preliminary and conditional certification of the following Settlement

Class:

> All persons who, from June 15, 2008 through the date of preliminary approval, (a) received a call on their cellular phone made by or on behalf of Bill Me Later, Inc. using an automatic telephone dialing system and the called party did not give consent for Bill Me Later, Inc. to make such a call, or (b) received a call on their cellular phone or residential telephone line made by or on behalf of Bill Me Later, Inc. using an artificial or prerecorded voice to deliver a message and the called party did not give consent for Bill Me Later, Inc. to make such a call.

> Excluded from the Settlement Class are Defendant, any parent, subsidiary,

affiliate or controlled persons of Defendant, as well as the officers, directors,

agents, servants or employees of Defendant and the immediate family members of

such persons.  The proposed Preliminary Approval Order submitted to the Court

will seek a Final Approval Hearing date of approximately 120 days from the entry

of the Preliminary Approval Order.

   2.2     ***Motion for Final Approval and Final Certification of the Settlement***

***Class.***  On the schedule directed by the Court, Plaintiffs will move, pursuant to Rule

23(e) and 23(g), for (i) final approval of the Settlement, (ii) final appointment of the

Class Representatives and Class Counsel, and (iii) final certification of the Settlement

Class, including entry of a Final Order and Judgment identical in all material respects to

the Final Order and Judgment attached hereto as Exhibit B.

   2.3     ***Basis for Certification of Settlement Class***.  Plaintiffs' motions for

preliminary and final approval will seek certification of the Settlement Class under Rule

23(b)(3).

   2.4     ***Certification for Settlement Purposes Only***.  Bill Me Later agrees not to

oppose certification of the Settlement Class only for the limited purpose of effectuating

the Settlement Agreement.  If the Settlement Agreement is not preliminarily or finally

approved in all material respects, Bill Me Later reserves all rights to object to the

propriety of class certification in the Litigation in all other contexts and for all other

purposes, and neither this Agreement nor Bill Me Later's non-opposition to the

conditional certification of a settlement class for purposes of this Settlement may be cited

as an admission by Bill Me Later of the propriety of class certification.

   2.5     ***Vacating Settlement Certification and Reservation of Rights***.  The

certification of the Settlement Class shall be binding only with respect to the Settlement

of the Litigation.  If the Settlement Agreement is not approved, the Settlement is

terminated, or the Settlement is reversed, vacated, or modified in any material respect by

-11-

the Court or any other court, the certification of the Settlement Class shall be vacated, the Litigation shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose relating to class certification.

2.6     ***Notice to the Class***.  Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Long Form Class Notice describing the Final Approval Hearing and the terms of the settlement embodied in this Settlement Agreement and the Claim Form to be disseminated to potential Settlement Class Members as provided in the Notice Plan.  Such notice shall comport with due process and be effectuated pursuant to a Notice Plan, the costs of which shall be Settlement Administration Costs.  The Notice Plan shall include:

(a)     **Called Numbers List**.  Bill Me Later will generate and provide to the Settlement Administrator a "Called Numbers List."

(b)     **Contents of Called Numbers List.**  The Called Numbers List shall consist of all of the approximately 1.92 million unique phone numbers BML has identified for Plaintiffs as numbers to which automated calls were made by or on behalf of Bill Me Later from June 15, 2008 through the date of preliminary approval.

(c)     **Direct Notice**.  The Settlement Administrator shall send Long Form Class Notice and an accompanying Claim Form, substantially in the form attached as Exhibit C, to each Person identified through the reverse lookup process described in paragraph 2.7.  These materials will be sent by U.S. Mail, postage prepaid, no

later than forty-eight (48) days after the entry of the Preliminary Approval Order or on such other date determined by the Court.

(d)     **Publication**.  The Settlement Administrator shall provide Publication Notice to provide notice of the Settlement to Persons who may not have received the Long Form Class Notice by direct mail.  In order to provide the Class Notice to such Persons, the Parties agree to carry out Publication Notice within forty-eight (48) days of the entry of the Preliminary Approval Order, or as soon as practicable, or such other date determined by the Court.

(e)     **Settlement Website.**  Within forty-eight (48) days following the entry of the Preliminary Approval Order, the Long Form Class Notice shall be published on a website at www.Autophonecallssettlement.com, which shall be administered by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect.  The Long Form Class Notice on the Website shall be substantially in the form of Exhibit C hereto.

(f)     **Class Action Fairness Act Notice**.  Not later than ten (10) days after the filing of the preliminary approval motion, Bill Me Later shall comply with the notice requirements of 28 U.S.C. § 1715.  BML shall file with the Court a notice confirming compliance prior to the Final Approval Hearing.

-13-

2.7     *Reverse Lookup Process*.  The Settlement Administrator shall use the following reverse lookup process to determine to whom to send the Long Form Class Notice by direct mail.

(i)      Step 1:  BML will provide the Called Numbers List to the Settlement Administrator.  For each telephone number on the Called Number List, BML shall provide to the Settlement Administrator the name and address associated with that telephone number in BML's records ("BML Records Results").

(ii)      Step 2:  For each telephone number on the Called Number List, the Settlement Administrator will obtain from an appropriate vendor the name and address associated with each telephone number during the relevant time period by conducting a reverse look-up ("Reverse Lookup Results").

(iii)      Step 3:  For each telephone number on the Called Number List for which there are Reverse Lookup Results, the Settlement Administrator will compare the Reverse Lookup Results to the BML Records Results.  If in doing this comparison the surnames do not match, the Persons identified in the Reverse Lookup Results will be deemed potential Settlement Class Members.  The list of all such Persons will be sent the Long Form Class Notice by the Settlement Administrator pursuant to paragraph 2.6(c).  If no Reverse Lookup Result is available for any given telephone number, then no Person associated with that telephone number will be sent direct Long Form Class Notice by the Settlement Administrator.

(iv)      Step 4:  BML will also engage in a reverse look-up process to identify other Persons who may have received an automated call made by or on behalf of Bill Me Later without consent.  The process shall work as follows: Each

-14-

telephone number on the Called Number List will be compared to the telephone numbers on the list of invalidated numbers that BML produced during discovery (the "Invalidation List"). For each telephone number that (a) appears on both the Called Number List and the Invalidation List, and (b) records referenced by BML indicate that the telephone number was dialed after the date the number was invalidated, the persons associated with such phone numbers in BML's records shall be provided notice by email (at the email address listed in BML's records as available). This will be known as the Email Notice List. The Settlement Administrator will send Long Form Class Notice via email to all of the individuals (currently estimated to be approximately 32,000) on the Email Notice List.

2.8    *Exclusions*. The Class Notice shall advise the Settlement Class Members of their right to exclude themselves from the Settlement Class. Settlement Class Members shall be permitted to exclude themselves from the Settlement Class, provided that they comply with the requirements for doing so as set forth in the Preliminary Approval Order and the Class Notice. A Person in the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked, or submitted electronically via the Website administered by the Settlement Administrator, on or before the Objection/Exclusion Deadline set by the Court and specified in the Class Notice. In order to exercise the right to be excluded, a Person in the Settlement Class must timely send or electronically submit a written request for exclusion to the Settlement Administrator providing his/her name and address, the telephone number that received the subject call or calls, a signature, the name and number of the case, and a statement

-15-

that he/she wishes to be excluded from the Settlement Class. Any requests to be excluded that do not include all of the foregoing information, or that are sent to an address other than that designated in the Notice, or that are not postmarked or electronically submitted within the time specified, shall be deemed to be invalid and the Persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any Person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. If signed electronically, such electronic signature will be binding for purposes of the perjury laws and the Website shall contain a statement to that effect. So called "mass" or "class" opt-outs shall not be allowed.

2.9 **_Objections_**. Settlement Class Members shall be permitted to object to the Settlement, provided that they comply with the requirements for filing an objection as set forth in the Preliminary Approval Order and Class Notice. The Class Notice shall advise the Settlement Class Members of their rights to comment upon and/or object to any portion of the Settlement Agreement or its terms. The Class Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Class Notice, the Person making an objection files notice of his or her intention to do so and at the same time (a) files copies of such papers he or she proposes to submit at the

-16-

Final Approval Hearing with the Clerk of the Court and (b) sends copies of such papers via mail, hand or overnight delivery service to both Class Counsel and Defendant's Counsel. Any Settlement Class Member who intends to object to this Settlement Agreement must include: his/her full name and address; the telephone number(s) at which he or she received an automated call made by or on behalf of BML; the telephone carrier associated with each such identified telephone number; whether each such identified phone number was a cellular phone or a residential landline; and all grounds for the objection with factual and legal support for the stated objection. Although an objector's attendance at the Final Approval Hearing is not mandatory, an objector who intends to attend the Final Approval Hearing must indicate in his/her written objection his/her intention to appear at the Final Approval Hearing on his/her own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on this/her own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

2.10    Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of Section 2.9 and as detailed in the Class Notice, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Litigation. To be valid, the objection

-17-

must be filed with the Court and sent to Class Counsel and Defendant's Counsel on or before the Objection/Exclusion Deadline set by the Court and specified in the Class Notice.

## III.    PAYMENTS TO THE SETTLEMENT CLASS.

3.1    *Settlement Fund.*

(a)    Bill Me Later shall cause the Settlement Fund to be deposited by wire transfer into the Escrow Account within fourteen (14) days of the Effective Date, except for $1,500,000, which shall be available to cover various Administration Costs, which shall be deposited within fourteen (14) days after entry of a Preliminary Approval Order.

(b)    Subject to Court approval, the Escrow Account will be controlled by the Settlement Administrator, which shall be liable for its acts and omissions. The Settlement Administrator shall not disburse the Settlement Fund or any portion thereof except as provided for in this Agreement, by an order of the Court, or with prior written consent of Bill Me Later's Counsel and Class Counsel.

(c)    All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Settlement Agreement.

(d)    All funds in the Escrow Account will be deposited in a non-interest bearing checking account.

(e)    The Settlement Administrator shall, to the extent practicable, invest the Settlement Fund deposited pursuant to paragraph 3.1(a) above in

-18-

discrete and identifiable instruments backed by the full faith and credit of the

United States Government or fully insured by the United States Government or an

agency thereof and shall reinvest the proceeds of these instruments as they mature

in similar instruments at their then-current market rates. The Settlement

Administrator shall maintain records identifying in detail each instrument in

which the Settlement Fund or any portion thereof has been invested, and

identifying the precise location (including safe deposit box number) of each such

instrument. Neither the Settlement Fund nor any portion thereof shall be

commingled with any other monies in any instruments. Any cash portion of the

Settlement Fund not invested in instruments of the type described in the first

sentence of this paragraph shall be maintained by the Settlement Administrator,

and not commingled with any other monies, at a bank account, which shall

promptly be identified to Bill Me Later's Counsel and Class Counsel at either

counsel's request by account number and any other identifying information. The

Settlement Administrator and Settlement Class Members shall bear all risks

related to investment of the Settlement Fund. All income, gain, or loss earned by

the investment of the Settlement Fund shall be credited to the Escrow Account.

(f)       The Escrow Account is intended to be a "Qualified Settlement

Fund" within the meaning of Treasury Regulation §1.468B-1. The Settlement

Administrator, as administrator of the Qualified Settlement Fund within the

meaning of Treasury Regulation §1468B-2(k)(3), shall be solely responsible for

filing tax returns for the Escrow Account and paying from the Escrow Account

any Taxes owed with respect to the Escrow Account. Defendant agrees to

-19-

provide the Settlement Administrator with the statement described in Treasury Regulation §1.468B-3(e). Neither Defendant, Bill Me Later's Counsel, Plaintiffs, or Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

(g) All (i) taxes on the income of the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the taxation of the Escrow Account (including, without limitation, expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

(h) The Settlement Fund, together with any interest or other gain accrued thereon, will be used to pay the following amounts in connection with the Settlement:

(i) Compensation to Settlement Class Members (the Distributable Settlement Fund) determined in accordance with paragraph 3.2;

(ii) Any Incentive Award (as defined in paragraph 6.1 below) approved by the Court;

(iii) Administration Costs;

(iv) All attorneys' fees and expenses approved by the Court; and

(v) Taxes and Tax-Related Costs.

3.2    ***Distribution to Settlement Class Members***

(a) The money remaining from the Settlement Fund, including any accrued interest thereon, after payment of any approved Incentive Awards,

-20-

Administration Costs, attorneys' fees and expenses, and Taxes and Tax-Related Costs, shall be available for distribution to Settlement Class Members (the "Distributable Settlement Fund").

(b)     Each Settlement Class Member who submits a valid Claim Form by the Claims Deadline in accordance with paragraph 3.6 below shall be entitled to a payment from the Distributable Settlement Fund not to exceed $500.

(c)     In the event that the Distributable Settlement Fund is not sufficient to allow each claimant to receive $500, the amount paid to each claimant will be adjusted downward *pro rata* so that the Distributable Settlement Fund is sufficient to pay all claims.  In the event that the Distributable Settlement Fund is sufficient to allow each claimant to receive $500, the amount paid to each claimant will be $500, and any remaining portion of the Distributable Settlement Fund will be distributed to *cy pres* organizations, in accordance with paragraph 3.4.

(d)     The Settlement Administrator will begin disbursing the Distributable Settlement Fund within twenty-one (21) days of the Effective Date. For Settlement Class Members who have submitted valid Claim Forms, the Settlement Administrator will send checks made payable to such Settlement Class Members via first class mail.

3.3     ***Deadline for Cashing Checks***.  Settlement Class Members shall have 180 days from the date a settlement check is issued to cash the check, and all payments to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within 180 days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed

-21-

within 180 days after issuance, such funds will be contributed to the *cy pres* charity(ies) agreed upon by the Parties and approved by the Court, as set forth in paragraph 3.4.

3.4 ***Treatment of Undistributed Funds***. Any funds remaining from the Distributable Settlement Fund, any funds associated with uncashed checks that were mailed to Settlement Class Members, and any funds that are not or cannot be distributed to Settlement Class Members for any reason, shall be contributed to *cy pres* organizations determined by the Parties and approved by the Court.

3.5 ***Entire Monetary Obligation***. It is understood and agreed that Bill Me Later's monetary obligations under this Settlement Agreement will be fully discharged by payment of the Settlement Fund in compliance with paragraph 3.1(a) above, and that Bill Me Later shall have no other monetary obligations to the Settlement Class, or obligations to make any other payments to Settlement Class Members under this Agreement or otherwise. It is further understood and agreed that Bill Me Later will not accept any reversion of the Settlement Fund upon entry of Final Approval.

3.6 ***Claim Process***. Settlement Class Members shall be entitled to a portion of the Distributable Settlement Fund only if they submit, by mail or online, a timely and valid Claim Form in the form attached as Exhibit C. Each Settlement Class Member shall be entitled to submit only one claim, regardless of the number of calls to the Settlement Class Member's cell phone number or residential phone number. All Claim Forms must be postmarked or received by the Settlement Administrator, either in hard copy form or electronically, no later than twenty-one (21) days after the date of the Final Approval Hearing. Settlement Class Members who do not submit a timely and valid Claim Form shall not be entitled to receive any portion of the Settlement Fund.

-22-

IV.     **SETTLEMENT ADMINISTRATION.**

4.1     The Settlement Administrator shall administer the Settlement consistent with this Agreement subject to the supervision of the Parties' Counsel, and with the supervision of the Court as circumstances may require.

4.2     The Parties and their counsel shall have no responsibility for or liability whatsoever with respect to:

(a)     any act, omission or determination of the Settlement Administrator, other Parties or their counsel, or designees or agents of other Parties or their counsel or the Settlement Administrator; or

(b)     any act, omission or determination of another party's counsel or their designees or agents in connection with the administration of the Settlement;

4.3     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities performed under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Bill Me Later's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Bill Me Later's Counsel with information concerning Class Notice, the Notice Plan, and the administration and implementation of the Settlement Agreement.  Without limiting the foregoing, the Settlement Administrator shall:

-23-

(a)     Forward to Bill Me Later's counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement Agreement, and all copies therefore, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement.

(b)     Receive requests from Persons within the Settlement Class to exclude themselves from the Settlement Class and promptly provide Class Counsel and Bill Me Later's counsel a copy thereof upon receipt.  If the Settlement Administrator receives exclusion requests from Persons within the Settlement Class after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Bill Me Later's Counsel.

(c)     Provide weekly reports to Class Counsel and Bill Me Later's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator.

(d)     Make available for inspection by Class Counsel or Bill Me Later's Counsel the Claim Forms and any other documents or correspondence received by the Settlement Administrator relating to the Settlement at any time upon reasonable notice.

4.4.    Both Class Counsel and Bill Me Later's Counsel shall have the right to challenge the acceptance or rejection of any Claim Form submitted by a Settlement Class

-24-

Member.  The Settlement Administrator shall follow any agreed decision of Class

Counsel and Bill Me Later's Counsel.  To the extent that Class Counsel and Bill Me

Later's Counsel are not able to agree on the disposition of a challenge, the Mediator, or

any individual designated or referred by the Mediator and agreed to by the Parties, shall

timely decide such a challenge.  The Parties agree that the Settlement Administrator shall

thereafter follow the decision of the Mediator or his designee resulting from any such

challenge.

## V.     RELEASE.

5.1     ***Release***.  Upon Final Approval, the Settlement Class Members, on behalf

of themselves, their predecessors, successors, assigns, beneficiaries, and additional

insureds, shall be deemed to have, and by operation of the Final Order and Judgment

shall have, fully, finally, and forever released, relinquished and discharged, and shall be

forever enjoined from the prosecution of, each and every Released Claim, whether arising

before or after the date of the Final Order and Judgment, against any and all of the

Released Parties, provided, however, that nothing herein is meant to bar any claim

seeking enforcement of this Agreement or court orders relating to it.

## VI.     INCENTIVE AWARD TO PLAINTIFFS.

6.1     In addition to any award to which they may be entitled under the

Settlement Agreement, and in recognition of their efforts on behalf of the Settlement

Class, the Class Representatives shall, subject to approval of the Court, each receive an

Incentive Award of $30,000.  Any Incentive Award approved by the Court shall be paid

by check out of the Settlement Fund by the Settlement Administrator within twenty-one

(21) days of the Effective Date.  Plaintiffs, at their individual election, may choose to

-25-

have the Settlement Administrator direct any Incentive Award awarded to them to a charity of their choice, in which case such amount shall be treated as a charitable contribution by the Qualified Settlement Fund on behalf of the respective Plaintiff so directing the contribution.

6.2     Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application for the Incentive Award shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the Incentive Award, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

## VII.     ATTORNEYS' FEES.

7.1     Class Counsel will move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Class Counsel may petition the Court for an award of attorneys' fees not to exceed $3.3 million (i.e., one-third of the Settlement Fund), plus their expenses in an amount not to exceed $100,000.  Bill Me Later agrees not to object to Class Counsel's Fee and Expense Application if Class Counsel's request for attorneys' fees does not exceed the $3.3 million amount.  Class Counsel has, in turn, agreed not to seek or accept attorneys' fees in excess of this amount from the Court.

7.2     Class Counsel will file their Fee and Expense Application no later than seventeen (17) days prior to the Objection/Exclusion Deadline.  Notwithstanding any other provision of this Agreement to the contrary, the Court's consideration of the Fee and Expense Application is to be conducted separately from the Court's consideration of

-26-

the fairness, reasonableness, and adequacy of the Settlement Agreement, and the Attorneys' Fee Order or proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

7.3     The Settlement Administrator shall pay the amount awarded in the Attorneys' Fee Order on the later of the following dates:  (a) fourteen (14) days after the Effective Date, or (b) fourteen (14) days after the Attorneys' Fee Order Effective Date. Any payment of the amount awarded in the Attorneys' Fee Order shall be paid via electronic transfer to an account designated by Class Counsel.

## VIII.   CONTINGENCIES, EFFECT OF DISAPPROVAL OR TERMINATION OF SETTLEMENT.

8.1     If the Court or, in the event of an appeal, any appellate court refuses to approve, or modifies any material aspect of this Agreement or the proposed Preliminary Approval Order or Final Order and Judgment, any Party may terminate this Agreement and the Settlement as set forth below.

8.2     This Agreement and the Settlement shall terminate and be cancelled if one of the Parties provides written notification of an election to terminate the Settlement within ten (10) business days after any of the following events:

(a)     The Court declines to enter or materially modifies the contents of the Preliminary Approval Order attached hereto as Exhibit A;

(b)     The Court declines to enter or materially modifies the contents of the Final Order and Judgment attached hereto as Exhibit B;

ACTIVE 202243271v.3

(c)     The Court's Final Order and Judgment is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

(d)     The Effective Date does not occur for some other reason.  For purposes of this Agreement and this paragraph 8.2, no order of the Court, or modification or reversal on appeal of any order of the Court concerning the amount in the Attorneys' Fees Order and/or Incentive Awards to the Class Representatives shall constitute grounds for cancellation or termination of the Agreement.

(e)     Any federal or state authorities object to or request material modifications to the Agreement.

8.3     If for any reason this Agreement is terminated or fails to become effective, then the Parties shall be deemed to have reverted to their respective status in the Litigation before the settlement term sheet was signed and before the Settlement Agreement was signed, and the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

## IX.    NO ADMISSION OF WRONGDOING.

9.1     Bill Me Later has vigorously denied, and continues to deny, that it committed any violation of the TCPA or other laws, and has vigorously denied and continues to deny all allegations of wrongdoing or liability whatsoever with respect to the Released Claims, including any and all claims of wrongdoing or liability alleged or asserted in the Complaint or the Litigation.  Bill Me Later states that it is agreeing to this Settlement solely because it provides substantial and meaningful benefits to the

-28-

Settlement Class and will eliminate the substantial burden, expense and uncertainties of further litigation and the concomitant distraction of resources and efforts from its business. This Agreement, and any of its terms, any agreement or order relating thereto, and any payment or consideration provided for herein, is not and shall not be construed as an admission by Bill Me Later or the Released Parties of any fault, wrongdoing, or liability whatsoever. This Agreement, and any of its terms, any agreement, order, or notice relating thereto, and any payment or consideration provided for herein shall not be offered by any party to be received in evidence in any civil, criminal, administrative, or other proceeding, as a presumption, a concession, or an admission of any fault, wrongdoing, or liability on the part of Bill Me Later or any of the Released Parties. However, nothing contained in this paragraph shall prevent this Agreement (or any agreement, order, or notice relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Order and Judgment. This Agreement may be filed and used in other proceedings, where relevant, to demonstrate the fact of its existence and of this Settlement, including but not limited to the Released Parties filing the Agreement and/or the Final Order and Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, waiver, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## X.     MISCELLANEOUS.

10.1    ***Public Statements.***  Plaintiffs and Class Counsel shall make no statement to the press, or any other public statement describing this Settlement, that disparages Bill

-29-

Me Later, WebBank, Comenity Capital Bank, or CIT Bank. Bill Me Later and Bill Me Later's Counsel shall make no statement to the press, or any other public statement describing this Settlement, that disparages Plaintiffs or Class Counsel. The Parties will agree upon a joint statement to utilize in response to any inquiries from the press regarding this Settlement, to the effect that the Parties have resolved their differences addressed in the Litigation. This paragraph shall not be construed to prevent Class Counsel from explaining to potential Settlement Class Members or others that this case has settled and how to obtain settlement benefits. This paragraph shall also not preclude Class Counsel from publicizing on its website or elsewhere that this case has settled.

10.2 **_Duty to Cooperate_**. The Parties promise to cooperate in good faith and to take all actions reasonably necessary to effectuate this Agreement. The Parties further agree that if, before the Effective Date, any issues regarding interpretation or implementation of, or compliance with, this Settlement Agreement arise between or among the Parties and such issues cannot be resolved by the Parties, that such issues shall be mediated before Hon. Edward A. Infante (Ret.), who will mediate the issues and, if the issues are not resolved, will issue a non-binding recommendation to the Parties, who agree to consider his decision. If an issue remains unresolved, it will be submitted to the Court for decision.

10.3 **_Entire Agreement_**. This Agreement is the entire agreement between the Parties regarding the subject matter covered by the terms of this Agreement and it supersedes any prior agreements, written or oral, including the term sheet and any written settlement offers or emails exchanged between the Parties regarding the subject matter

-30-

covered by the terms of this Agreement.  This Settlement Agreement cannot be altered, modified or amended except through a writing executed by all Parties.

10.4    ***Construction of Agreement***.  This Settlement Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement.  All Parties have participated in the drafting of this Agreement, and any ambiguity should not be resolved by virtue of a presumption in favor of any Party.  The Settlement Agreement was reached at arm's-length by Parties represented by counsel.

10.5    ***Executed in Counterparts***.  This Settlement Agreement may be executed by exchange of executed signature pages by facsimile or Portable Document Format ("PDF") as an electronic mail attachment, and any signature transmitted by facsimile or PDF via electronic mail for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  This Settlement Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one and the same instrument.

10.6    ***Notices.***  Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court order sought in connection with the Agreement, other than documents electronically filed with the Court, shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage pre-paid, with copies by e-mail to the attention of Class Counsel and Bill Me Later's Counsel (as well as to any other recipients that a court may specify).  As of the date hereof, the respective representatives are as follows:

ACTIVE 202243271v.3

|  | For Bill Me Later: | **Mark B. Blocker** |
|---|---|---|
|  |  | Sidley Austin LLP |
|  |  | 1 South Dearborn Street |
|  |  | Chicago, IL 60603 |
|  |  | mblocker@sidley.com |

|  | For The Settlement Class: | **Evan M. Meyers** |
|---|---|---|
|  |  | McGuire Law, P.C. |
|  |  | 161 North Clark Street, 47th Floor |
|  |  | Chicago, IL 60601 |
|  |  | emeyers@mcgpc.com |

10.7    ***Extensions of Time.***  The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

10.8    ***Governing Law.***  This Agreement shall be governed by and construed in accordance with the laws of Illinois without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than Illinois.

10.9    ***Expenses.***  Except as specified in paragraph 7.1, or as otherwise expressly set forth herein, each Party hereto will pay all of its own fees, costs and expenses incurred in connection with the Litigation, including fees, costs and expenses incident to its or his negotiation, preparation or compliance with this Agreement, and including any fees, expenses, and disbursements of its counsel, accountants, and other advisors.  Nothing in this Agreement shall require Bill Me Later to pay any monies other than as expressly provided herein.

ACTIVE 202243271v.3

10.10 ***Retention of Jurisdiction***.  The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:**

_____

Misty Murray

Date:

_____

Shaun Murray

Date:

**ON BEHALF OF BILL ME LATER, INC.:**

_____

Name:

Title:

Date:

-33-

10.10 *Retention of Jurisdiction*. The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:**

Misty Murray

Date: 7-21-14

Shaun Murray

Date: 7-21-14

**ON BEHALF OF BILL ME LATER, INC.:**

Name:

Title:

Date:

-33-

10.10  *Retention of Jurisdiction*.  The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Agreement.

**IN WITNESS WHEREOF,** the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS:**

<br>

_____

Misty Murray

Date:

<br>

_____

Shaun Murray

Date:

**ON BEHALF OF BILL ME LATER, INC.:**

<br>

_____

Name:  Gary Marino

Title:  President, Bill Me Later, Inc.

Date:  July 21, 2014

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY,<br>individually and on behalf of a class of<br>similarly situated individuals, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) ) | No.   12-cv-04789 |
| v. | ) ) | Hon. Sara L. Ellis |
| BILL ME LATER, INC., a Delaware corporation, | ) ) | |
| *Defendant*. | ) | |

**[PROPOSED] ORDER PRELIMINARILY
<u>APPROVING CLASS ACTION SETTLEMENT</u>**

This matter coming before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Settlement Agreement and Release ("Settlement Agreement"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and all other prior proceedings in this Action,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The terms of the Settlement Agreement are preliminarily approved as fair, reasonable and adequate.  Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

2.      For settlement purposes only, the Court finds that the prerequisites for class action under Federal Rule of Civil Procedure 23(a) and (b)(3) – including

numerosity, commonality, typicality, adequacy, predominance, and superiority – have been preliminarily satisfied.

3.     The Court hereby conditionally certifies, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the following Settlement Class:

All persons who, from June 15, 2008 through the date of preliminary approval, (a) received a call on their cellular phone made by or on behalf of Bill Me Later, Inc. ("BML") using an automatic telephone dialing system and the called party did not give consent for BML to make such a call, or (b) received a call on their cellular phone or residential telephone line made by or on behalf of BML using an artificial or prerecorded voice to deliver a message and the called party did not give consent for BML to make such a call.

4.     For settlement purposes only, Plaintiffs Misty Murray and Shaun Murray are hereby appointed as Class Representatives.

5.     For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> Myles McGuire
> Evan M. Meyers
> MCGUIRE LAW, P.C.
> 161 N. Clark St., 47th Floor
> Chicago, IL 60601

> Michael J. McMorrow
> MCMORROW LAW P.C.
> One North LaSalle St., 44th Floor
> Chicago, IL 60604

6.     The Court recognizes that, pursuant to the Settlement Agreement, BML retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved.  Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this Court's preliminary findings

2

regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

7. The Court approves, in form and content, the Long Form Class Notice and the Publication Class Notice, attached as Exhibits C and D, respectively, to the Settlement Agreement, and finds that they meet the requirements of Rule 23(c)(2)(B).

8. The Court finds that the Notice Plan attached as Exhibit E to the Settlement Agreement meets the requirements of Rule 23(c)(2)(B) and constitutes the best notice practicable under the circumstances, including direct individual notice by U.S. Mail or, in some cases, by email to Settlement Class Members who can be identified through reasonable effort, and satisfies fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. Heffler Claims Group is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

10.     The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement and the Notice Plan.

11.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Class Notice.  The Court hereby approves as to form and content the Claim Form attached as Exhibit C to the Settlement Agreement.

12.     All Claim Forms must be postmarked or received by the Settlement Administrator, either in hard copy form or electronically, no later than twenty-one (21) days after the date of the Final Approval Hearing.  Settlement Class Members who do not submit a valid and timely Claim Form shall not be entitled to receive any portion of the Settlement Fund.

13.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

14.     Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion

request. Such exclusion requests must be received by the Settlement Administrator either at the address specified in the Class Notice in written form, by first class mail, postage prepaid, and postmarked no later than October 23, 2014, or electronically via the Settlement Website by October 23, 2014.

15.    In order to exercise the right to be excluded, a Person within the Settlement Class must timely send or electronically submit a written request for exclusion to the Settlement Administrator providing his/her name and address, the telephone number that received the subject call or calls, the name and number of this case, and a statement that he/she wishes to be excluded from the Settlement Class. Any request for exclusion submitted via first class mail must be personally signed by the Person requesting exclusion. Any request for exclusion submitted online may be signed electronically, which will be binding for purposes of the perjury laws and shall contain a statement to that effect. No Person within the Settlement Class, or any Person acting on behalf of, in concert with, or in participation with that Person within the Settlement Class, may request exclusion from the Settlement Class of any other Person within the Settlement Class.

16.    Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as Incentive Awards for the Class Representatives, no later than October 6, 2014.

17.    Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement including the amount of the attorneys' fees and expenses that Class Counsel intends to seek and the payment of any Incentive Awards, may do so, either

personally or through an attorney, by filing a written objection, together with the

supporting documentation set forth in the Settlement Agreement, with the Clerk of

the Court, and served upon Class Counsel and Defendant's counsel, by October 23,

2014. Addresses for Class Counsel, Defendant's Counsel, and the Clerk of Court

are as follows:

| Class Counsel: | Class Counsel: | Defendant's Counsel: |
|---|---|---|
| Myles McGuire | Michael J. McMorrow | Mark B. Blocker |
| Evan M. Meyers | McMorrow Law, P.C. | Sidley Austin LLP |
| McGuire Law, P.C | 1 North LaSalle Street | 1 South Dearborn Street |
| 161 N. Clark Street | 44th Floor | Chicago, IL 60603 |
| 47th Floor | Chicago, IL 60602 | |
| Chicago, IL 60601 | | |

Court:
Clerk of the Court
U.S. District Court, Northern District of Illinois
Everett McKinley Dirksen Bldg.
219 S. Dearborn Street
Chicago, IL 60604

18.    Any Settlement Class Member who has not requested exclusion and

who intends to object to this Agreement must include with the written objection

his/her name and address; telephone number(s) that he/she maintains received a call

made by or of behalf of BML; his/her telephone carrier for the identified telephone

number at the time of such call; whether each identified telephone number is a

cellular phone or a residential landline; and all arguments, citations, and evidence

supporting the objection. An objecting Settlement Class Member must state, in

writing, all objections and the basis for any such objection(s). Objections not filed

and served in accordance with this Order shall not be received or considered by the

Court. Any Settlement Class Member who fails to timely file and serve a written

objection in accordance with this Order

shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, the payment of incentive awards, and/or to the Final Approval Order and the right to appeal same.

19.     A Settlement Class Member who has not requested exclusion from the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiff's counsel's Fee and Expense Application and/or the request for Incentive Awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel.  For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

20.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied.  Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also provide copies to the designated counsel of record for the

Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Order and Judgment.

21.     All papers in support of the final approval of the proposed Settlement shall be filed no later than November 6, 2014, i.e, fourteen (14) days before the Final Approval Hearing.

22.     Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

23.     A hearing (the "Final Approval Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, shall be held before the Court on November 20, 2014 at 1:30 p.m., i.e., approximately 120 days from the entry of the Preliminary Approval Order, at the United States Courthouse, 219 South Dearborn Street, Courtroom 1403, Chicago, Illinois 60604 (or at such other time or location as the Court may without further notice direct) for the following purposes:

(a)  to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)  to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)  to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)  to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

(e)  to consider the application for Incentive Awards to the Class Representatives;

(f)  to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g)  to rule upon such other matters as the Court may deem appropriate.

24.    The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Judgment and Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

25.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

26.    All discovery and other proceedings in the Litigation as between Plaintiffs and BML are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

27.     For clarity, the deadlines set forth above and in the Settlement

Agreement are as follows:

**Class Notice Mailed by:**                          **September 10, 2014**

**Publication Notice by:**                           **September 10, 2014**

**Fee and Expense Application:**                     **October 6, 2014**

**Objection/Exclusion Request Submission:**          **October 23, 2014**

**Final Approval Submissions:**                      **November 6, 2014**

**Final Approval Hearing:**                          **November 20, 2014 at 1:30**

**p.m.**

**Claims Deadline:**                                 **December 11, 2014**


So Ordered.

Dated:_____, 2014



_____
Hon. Sara L. Ellis
U.S. District Court Judge

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, | ) | |
| individually and on behalf of a class of | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 12-cv-04789 |
| | ) | |
| v. | ) | |
| | ) | Hon. Sara L. Ellis |
| BILL ME LATER, INC., a Delaware corporation, | ) | |
| ) | | |
| *Defendant*. | ) | |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.      All capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement"), unless otherwise noted.

2.      This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated July __, 2014, and adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and supporting declarations.  The Court has also read and considered any written objections timely filed with the Clerk of the Court by Settlement Class Members.

5. The Court held a Final Approval Hearing on November 20, 2014, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, further support this finding.

7. Pursuant to Rules 23(c) and 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All persons who from June 15, 2008 through the date of preliminary approval, (a) received a call on their cellular phone made by or on behalf of Bill Me Later, Inc. ("BML") using an automatic telephone dialing system and the called party did not give consent for BML to make such a call, or (b) received a call on their cellular phone or residential telephone line made by or on behalf of BML using an artificial or prerecorded voice to deliver a message and the called party did not give consent for BML to make such a call.

8. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order and Judgment. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

9. For settlement purposes only, Plaintiffs Misty Murray and Shaun Murray are hereby appointed as Class Representatives of the Settlement Class.

10.     For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

Myles McGuire
Evan M. Meyers
McGuire Law, P.C.
161 N. Clark St., 47th Floor
Chicago, IL 60601

Michael J. McMorrow
McMorrow Law P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60604

11.     With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have adequately and fairly represented, and will continue to adequately and fairly represent, the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual Settlement Class Members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

12.     The Court has determined that the Class Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, applicable law, and Due Process.

13.     The Court finds that BML properly and timely notified the appropriate state and federal officials of the Settlement Agreement pursuant to 28 U.S.C. § 1715.  The Court has reviewed the substance of

BML's notices and accompanying materials, and finds that they complied with all applicable requirements of 28 U.S.C. § 1715.

14.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder.  The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

15.     The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against BML.  The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

16.     The Court adjudges that the Plaintiffs and all Settlement Class Members who receive a distribution from the Settlement Fund shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement.  The Court further adjudges that each Settlement Class Member who did not timely and validly request exclusion from the Settlement, but for whatever reason does not receive a distribution from the Settlement Fund, has nonetheless received valid consideration in the form of the foregone opportunity to receive money, and they shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

17.     The Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective.  The Court finds that Plaintiffs have, and the Settlement Class Members are deemed to have, knowingly waived the protections of California Civil Code § 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

18.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents.  The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against anyone.

20.     The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $_____.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the quantifiable value of the Settlement is at least $9.9 million.  The Court therefore considers the Settlement to provide substantial benefits to the Settlement Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.  Third, the Court concludes that the Settlement was negotiated at arms' length without collusion, and that the negotiation

of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel, as a group, would seek an award in the amount sought.

21. The Court approves the incentive award of $30,000.00 each for Class Representatives Misty Murray and Shaun Murray and specifically finds such amount to be reasonable in light of the services performed by Plaintiffs for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. All checks issued to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within 180 days of issuance shall be directed equally to [list recipients], which the Court approves as appropriate *cy pres* recipients. Likewise, to the extent there are any funds remaining from the Distributable Settlement Fund, including funds associated with uncashed checks mailed to Settlement Class Members and any funds that are not or cannot be distributed to Settlement Class Members for any reason, such funds shall be directed equally to the same recipients.

23. Neither this Final Order and Judgment nor the Settlement Agreement nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against BML or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by BML or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or the other, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or BML.

6

24.     Any objections to the Settlement Agreement are overruled and denied in all respects.  The Court finds that no reason exists for delay in entering this Final Order and Judgment.  Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

25.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

26.     Without affecting the finality of this Final Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Litigation and the Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement until each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed.

So ordered this ____ day of _____, 2014.



Hon. Sara L. Ellis
U.S. District Court Judge

<u>Exhibit C</u>

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) ) | |
| *Plaintiffs*, | ) | Case No. 12-cv-4789 |
| v. | ) | |
| BILL ME LATER, INC., a Delaware corporation, | ) | Judge Sarah L. Ellis |
| *Defendant*. | ) | |

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A PAYMENT OF UP TO $500.00 FROM A CLASS ACTION SETTLEMENT. YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

**THIS IS <u>NOT</u> NOTICE OF A LAWSUIT AGAINST YOU.  THIS IS <u>NOT</u> A SOLICITATION FROM A LAWYER.**

**WHY DID I GET THIS NOTICE?**

This is a Court-authorized notice of a proposed settlement ("Notice") in a class action lawsuit. The settlement would resolve a lawsuit brought on behalf of individuals who allege they received, but did not consent to receive, automated telephone calls made by persons or entities working on behalf of Bill Me later, Inc. ("Bill Me Later"). This lawsuit relates only to such calls that were made without the called party's consent and that were made to either (1) a cellular phone using an automatic telephone dialing system, or (2) a cellular or landline phone using an artificial or prerecorded voice. If you are receiving this Notice by mail, you have been identified as someone who may have received one of these automated telephone calls between June 15, 2008 and July 24, 2014.

**WHAT IS THIS LAWSUIT ABOUT?**

The lawsuit alleges that Bill Me Later and its agents violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making automated or prerecorded telephone calls to called parties who did not give consent to receive such calls. Bill Me Later contests the claims in the Complaint and denies that it violated the TCPA.

**WHY IS THIS A CLASS ACTION?**

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. All of these people together are a "Settlement Class" or "Settlement Class Members." The Settlement, if approved by the Court, resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides have agreed to a Settlement. The Settlement avoids the cost, risk and delay of trial, and Settlement Class Members will get compensation now rather than, if at all, years from now. Under the Settlement, Settlement Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members. Bill Me Later has not conceded it is liable, but is instead agreeing to settle to avoid the costs and risks associated with litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

The total amount of the Settlement Fund is $9,900,000.00. The cost to administer the Settlement (including the cost of processing Claim Forms and mailing Settlement checks), the cost to inform people about the Settlement (including the cost of publishing and mailing the Notice and maintaining the Settlement website), and attorneys' fees and expenses of Class Counsel and payments to the Class Representatives will come out of these funds. The amount remaining after deducting these costs will be paid to eligible Settlement Class Members who submit valid Claim

Forms, up to a maximum of $500 per claimant. The lawyers who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees of $3.3 million plus their expenses in an amount not to exceed $100,000 for the substantial time, costs, and effort they put into this case. The Class Representatives also will apply to the Court for payments, in the total amount of $30,000 each for their service to the Settlement Class.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit against Bill Me Later, certain of its agents, and/or banks that extend or have extended credit under the Bill Me Later Program ("Released Parties"), arising from automated telephone calls made by or on behalf of Bill Me Later. Giving up your legal claims is called a release. The precise terms of the release are set forth in the Settlement Agreement, which is available on the settlement website listed below. Unless you formally exclude yourself from this Settlement, you will release your claims whether or not you submit a Claim Form and receive payment. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing.

**WHAT ARE MY OPTIONS?**

(1) **Accept the Settlement**.

To accept the Settlement, send in a complete Claim Form by **December 11, 2014**. A Claim Form is enclosed with this Notice. You also may obtain a Claim Form at www.Autophonecallssettlement.com, and you have the option of submitting your claim form online at the same website. You also may email the completed Claim Form to the Settlement Administrator at info@Autophonecallssettlement.com. If the Settlement is approved, a check will be mailed to you. *Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement, and is the only thing you need to do to receive a payment*.

(2) **Exclude yourself**.

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at MURRAY v. BILL ME LATER, C/O HEFFLER CLAIMS GROUP, P.O. BOX 360, PHILADELPHIA, PA 19105-0360, postmarked by **October 23, 2014**. You may also exclude yourself online at www.Autophonecallssettlement.com. The exclusion letter must state that you exclude yourself from this Settlement and must include the name and case number of this litigation, as well as your full name, address, and the telephone numbers at which you received a call made by or on behalf of Bill Me Later.

(3) **Object to the Settlement**.

If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the Court of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The objection must be received by the Court no later than **October 23, 2014**. You must also send a copy of your objection to the attorneys for both Parties to the lawsuit, including at least one of the attorneys representing the Settlement Class (set forth on page 3, below), as well as the attorneys representing Bill Me Later (Mark Blocker, Sidley Austin LLP, 1 South Dearborn St., Chicago, IL 60603), postmarked no later than **October 23, 2014**. Any objection to the proposed Settlement must include your full name; address; the telephone number(s) at which you received a call by made or on behalf of BML; the telephone carrier associated with each such identified telephone number; whether each identified telephone number is a cellular phone or a residential landline; and all grounds for the objection with factual and legal support for the stated objection.

You may appear at the Final Approval Hearing, to be held on **November 20, 2014, at 1:30 p.m.**, in Courtroom 1403 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, and/or the request for attorneys' fees

and expenses, and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as to identify any exhibits they intend to introduce at the Final Approval Hearing.

(4) **Do Nothing.**

If you do nothing, you will receive no money from the Settlement Fund. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against the Released Parties regarding any released claims. *Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.*

**HOW MUCH WILL I BE PAID?**

If the Court approves the Settlement, every Settlement Class Member who submits a timely and valid Claim Form will be entitled to an equal payment from the Settlement Fund. Each Settlement Class Member is entitled to make only one claim regardless of the number of telephone calls received. It is estimated based on typical response rates that each claimant is likely to receive between $75.00 and $150.00, but the amount could be higher or lower based on the actual number of valid Claim Forms submitted by Settlement Class Members. However, in no event will you be entitled to receive more than the statutory maximum of $500.00.

**WHEN WILL I BE PAID?**

If the Court finally approves the Settlement, you will be paid as soon as possible after the court order becomes final, which should be within 90 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment will likely be delayed. The Settlement Administrator will include information about the timing of payment at www.Autophonecallssettlement.com. All checks issued to Settlement Class Members will expire and become void 180 days after they are issued. Any uncashed checks issued from the Settlement Fund will be donated to charitable or non-profit organizations approved by the Court.

**WHAT WILL HAPPEN IF THE COURT DOES NOT APPROVE THE SETTLEMENT?**

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and the case will continue, which may or may not be in the form of a class action. The Parties may negotiate a different settlement or the case may proceed forward.

**WHO REPRESENTS THE CLASS?**

The attorneys who have been appointed by the Court to represent the Class are:

| | |
|---|---|
| Myles McGuire<br>Evan M. Meyers<br>McGuire Law, P.C.<br>161 N. Clark St., 47th Floor<br>Chicago, IL 60601<br>mmcguire@mcgpc.com<br>emeyers@mcgpc.com<br>Tel: 312-216-5179 | Michael J. McMorrow<br>McMorrow Law, P.C.<br>One North LaSalle St.<br>44th Floor<br>Chicago, IL 60602<br>mike@mcmorrowlaw.com<br>Tel: 312-265-0708 |

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained at www.Autophonecallssettlement.com. If you have any questions, you can also call the Settlement Administrator at 1-844-245-3766 or Class Counsel at the numbers set forth above. In addition to the documents available on the case website, all pleadings and documents filed in Court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this Case. They will not be able to give you advice on your options.

DATED: July __, 2014

By order of: Honorable Sarah L. Ellis, District Court Judge, United States District Court, Northern District of Illinois

**BILL ME LATER SETTLEMENT**
**PROOF OF CLAIM FORM**

[Date range of calls:]

To receive a payment up to $500 from the Settlement Fund you must complete and return this Claim Form by **December 11, 2014**.

**IMPORTANT NOTE: You must return this Claim Form by mail or submit the Claim Form online to receive payment. Each Settlement Class Member is entitled to make only one claim regardless of the number of telephone calls received.**

**Print below your (i) name, (ii) address, (iii) telephone number that you believe was called without your consent by or on behalf of Bill Me Later between June 15, 2008 and July 24, 2014, and (iv) the name of the telephone carrier for that telephone number during the time period when you received the automated calls.**

**Name:** _____

**Address:** _____

_____

_____

**Telephone number:** (_____)_____

**Telephone carrier:** _____

**I hereby certify that I was the authorized user of the telephone number listed above on the date(s) listed in the top left-hand corner above and did not consent to receive automated calls from Bill Me Later at the time the calls were made. I certify that this is true to the best of my knowledge.** I understand that the Settlement Administrator has the right to verify my responses with my telephone carrier or otherwise and to dispute any claims that are based on inaccurate responses.

_____          _____
        **Signature**                                    **Date**

***Please complete the Claim Form above and return it by one of the following methods***:

1. Online by visiting www.Autophonecallssettlement.com and completing an online Claim Form no later than midnight, U.S. Eastern Standard Time, on **December 11, 2014**.

2. By mail to the Settlement Administrator, completed, signed, and postmarked no later than **December 11, 2014**, sent to the following address: MURRAY v. BILL ME LATER, C/O HEFFLER CLAIMS GROUP, P.O. BOX 360, PHILADELPHIA, PA 19105-0360.

3. By email to the Settlement Administrator at info@Autophonecallssettlement.com no later than midnight, U.S. Eastern Standard Time, on **December 11, 2014**. If you use email, you must send the Claim Form in a format that includes a legible signature.

# Exhibit D

**IF YOU RECEIVED AN AUTOMATED OR PRERECORDED TELEPHONE CALL MADE BY OR ON BEHALF OF BILL ME LATER, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A SETTLEMENT**
*Para una notificacion en Espanol, visitar www.Autophonecallssettlement.com*

A Settlement has been proposed in a class action lawsuit regarding telephone calls made by or on behalf of Bill Me Later, Inc. ("BML"). The lawsuit, *Murray, et al. v. Bill Me Later, Inc.*, Case No. 12-cv-4789 (U.S. Dist. Court for the Northern District of Illinois), alleges that BML and its agents violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") by making automated telephone calls to persons who did not give consent for such calls. The Settlement is not an admission of wrongdoing by BML. The Court has not decided who is right or wrong. Rather, the parties are resolving the dispute by agreement.

### Am I a Member of the Settlement Class?

You're a Settlement Class Member if, between June 15, 2008 and July 24, 2014, you received a call made by or on behalf of Bill Me Later where such call was made without your consent to either (1) your cellular telephone using an automatic telephone dialing system, or (2) your cellular or landline telephone using an artificial or prerecorded voice.

### What are the terms of the proposed Settlement?

The total amount of the Settlement Fund is $9,900,000.00. If the Court approves the Settlement, each Settlement Class Member who submits a valid, timely Claim Form will be entitled to an equal payment from the Settlement Fund up to $500 per claimant, after expenses, attorneys' fees, and incentive awards are paid from the Settlement Fund. The exact amount of your payment is unknown at this time but is expected to be approximately $75-$150 and may be more or less depending on how many Settlement Class Members return valid Claim Forms.

### What are my Options?

To make a claim for a cash payment, you must mail or submit online a completed Claim Form by **December 11, 2014**. If you do not wish to participate in the Settlement, you may exclude yourself from the Class by mail or online by **October 23, 2014**, or you may object to the Settlement by submitting a written objection by **October 23, 2014**. If you do nothing, you will be bound by the decisions of the Court if the Settlement is approved. *Submitting a timely and valid Claim Form is the only way to receive a cash payment through this Settlement. Visit www.Autophonecallssettlement.com for more detailed and important information about your options under the Settlement.*

### Hearing on the proposed Settlement

The Court will hold a Final Approval Hearing on **November 20, 2014 at 1:30 p.m.** at the U.S. Courthouse, Room 1403, 219 S. Dearborn St. Chicago, IL 60604 to consider whether the proposed Settlement is fair, reasonable, and adequate. At the hearing, Class Counsel will ask the Court to award attorneys' fees up to $3.3 million, plus expenses not to exceed $100,000,, for their work in the case. The Court will also consider incentive award payments up to $30,000 to each of the two Class Representatives. You may, but do not have to, attend the hearing, which may be changed by the Court.

**For more information and for a Claim Form, visit www.Autophonecallssettlement.com, or call 1-844-245-3766.**

# Exhibit E

**Murray v. BML TCPA
Notice Program**



| Target | Reach* | Frequency |
|--------|--------|-----------|
| Adults 18+ | 76% | 2.1x |

*Reach assumes direct mail (DM) of 45%.*

## Magazines

| Title | Circulation | Unit Size | Frequency | Insertions |
|-------|-------------|-----------|-----------|------------|
| *Sports Illustrated* | 3,065,507 | 1/3 Page | Weekly | 1 |
| *People* | 3,637,633 | 1/3 Page | Weekly | 2 |
| | **6,703,140** | | | **3** |

## Internet & Mobile

| Property/Network | Detail |
|------------------|--------|
| Facebook | **Facebook Online and Mobile -** Targeting on Facebook of Adults 18+ with interests in stores who partner with Bill Me Later. Ads will appear in users' Newsfeed online and in their mobile/tablet Facebook app, and as ads located on the right-hand side of Facebook.com. |
| Xaxis Network | **Audience Segment Targeting -** Targeting users who they know to be: Heavy Online Shopping Enthusiasts, Shopping Enthusiasts, have Low Household Income, and Cell Phone owners. |
| | **Contextual Targeting -** Targeting selected channels on the Xaxis network: Fashion & Beauty, Shopping, Millennials, Technology, and Entertainment. |
| Mobile & App Network | Targeting users who are known to be Frequent Online Shoppers, and users who are Frequent Online Purchasers at stores who partner with Bill Me Later including: Best Buy, Wal-Mart, Overstock.com, ToysRus, HP and Apple Store. |
| **Total Impressions: Over 175,000,000** | |

## Social & Media Outreach

**Facebook Page:** A Facebook page will be created and maintained, where Court information will be posted as a newsfeed to those who have "liked" the page.