# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 12-cv-04789 |
| v. | ) ) | Hon. Sara L. Ellis |
| BILL ME LATER, INC., a Delaware corporation, | ) ) | |
| *Defendant*. | ) | |

## DECLARATION OF MICHAEL J. MCMORROW

I, MICHAEL J. McMORROW, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over the age of eighteen and am fully competent to make this declaration.  I make this Declaration based upon personal knowledge unless otherwise indicated.

2.      I am an attorney admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois, and other federal district courts.  I make this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

3.      I am the principal of McMorrow Law, P.C., and I, along with Myles McGuire and Evan Meyers of McGuire Law, P.C., have been appointed as Class Counsel in this matter, representing Plaintiffs Misty Murray and Shaun Murray ("Plaintiffs"), and the Settlement Class.

4.      All capitalized terms in this Declaration have the same meaning set forth in the simultaneously filed Plaintiffs' Motion & Memorandum in Support of Final Approval of Class Action Settlement.

5.      I have regularly engaged in major complex litigation on behalf of consumers, and have extensive experience in class action lawsuits that are similar in size and complexity to the present case.  I have been appointed as class counsel in numerous consumer class actions.

6.       I have extensive experience in prosecuting consumer class actions involving the TCPA in particular.  *See, e.g., Satterfield v. Simon & Schuster* (N.D. Cal. 2010); *Lozano v. Twentieth Century Fox* (N.D. Ill. 2011); *Kramer v. Autobytel* (N.D. Cal. 2011); *Rojas v. Career Education Co.* (N.D. Ill. 2012); and *In re Jiffy Lube Spam Text Litigation*, (S.D. Cal. 2012).

7.       Through the investigation, litigation, mediation, and settlement process, I have gained an intimate understanding of the instant litigation and believe the Settlement to more than exceed the "fair, adequate, and reasonable" standard required for the Court's approval.

8.       In litigating this case, the other Class Counsel and I were required to conduct substantial investigation into the claims in this case, to engage in significant discovery relating to class certification issues and significant legal research regarding untested questions in the class certification context, including several depositions in Chicago and in Baltimore, to prepare for and attend two separate mediations, to draft a comprehensive settlement agreement, to prepare preliminary approval papers and accompanying exhibits, including the Class Notices and several declarations, and to prepare the instant final approval papers.  I did all of this work on behalf of the Plaintiffs and the Class without compensation and requiring that other work be foregone.

9.       On January 28, 2014, I, along with other Counsel for the Parties, participated in a formal mediation with Hon. Edward A. Infante (ret.), former Chief Magistrate Judge of the U.S. District Court for the Northern District of California, at JAMS in San Francisco, CA.  After a day-long mediation, the Parties were unable to reach an agreement.  At that time, Judge Infante made a proposal of a negotiating range, which was accepted by both Parties.  As a result, the Parties agreed to return to San Francisco for an additional day-long mediation on March 13, 2014.  The Parties reached an agreement in principle to resolve the case at the second mediation.

10.       Despite this agreement in principal, the Settlement Agreement was not finalized

until Class Counsel negotiated the specific terms of the Settlement Agreement with counsel for the Defendant in the months that followed, together with assistance and guidance from Judge Infante. Eventually, these discussions culminated in the Settlement Agreement.

11.     Only after the relief to the Class was agreed-upon and several drafts of settlement papers had been exchanged, did the Parties decide upon the amount of attorneys' fees or incentive awards.

12.     Class Representatives Misty Murray and Shaun Murray brought this matter to the attention of Class Counsel, and remained vitally involved in this litigation from the outset. Their continued attentive involvement was critical to the ultimate successful resolution of this matter to the benefit of the Settlement Class. The Class Representatives showed a strong commitment to the Class and this action by assisting Class Counsel in answering lengthy discovery, sitting for depositions, and aiding in preparation for the mediations that resulted in this Settlement. I believe that, but for the participation of the Class Representatives, the substantial benefit to the Class available through the Settlement would not have resulted.

13.     Prior to the mediations, the Parties never discussed incentive awards of any type, and there was no pre-agreement with the Class Representatives concerning any award for being a class representative or bringing the suit.

14.     To my knowledge, which has been confirmed by Defendant's counsel, Mark Blocker, no Attorney General has filed or otherwise indicated any objection to the Settlement or any aspect of it.

15.     After submitting the Settlement to this Court and receiving preliminary approval on July 24, 2014, the Parties and the Settlement Administrator began the process of effectuating the Notice Plan and responding to inquiries from Settlement Class Members.

16.     Records produced to me by the Settlement Administrator indicate that, as of October 31, 2014, 41,865 Claim Forms have been received by the Settlement Administrator.

17.     I have spoken with over 200 Settlement Class Members by phone in connection with the Settlement in this action since the Settlement Administrator distributed notice to the Settlement Class.  None of the Settlement Class Members with whom I spoke indicated any dissatisfaction with the Settlement, and the overwhelming majority indicated approval of the Settlement and that they intended to file claims with the Settlement Administrator.  In addition, no Settlement Class Members have objected to me, in writing or by phone, regarding the Fee Motion or the fees, expenses and Incentive Awards requested therein, in the month since I filed that Motion.

18.     Because of the complexity and novelty of the legal issues involved in this case, the considerable defenses that Defendant and its highly skilled counsel raised and promised to raise in the litigation, as well as Defendant Bill Me Later's indication that absent a settlement it will continue pursuing these arguments and defenses, I believe that the Settlement Agreement provides a substantial benefit to the Settlement Class and is fair, reasonable and adequate.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Chicago, Illinois on November 6, 2014.

By:      /s/ Michael J. McMorrow
             Michael J. McMorrow