# Exhibit D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| *Plaintiffs*, | ) No. 12-cv-04789 |
| v. | ) ) |
| | ) Hon. Sara L. Ellis |
| BILL ME LATER, INC., a Delaware corporation, | ) ) |
| *Defendant*. | ) |

## DECLARATION OF EVAN M. MEYERS

I, EVAN M. MEYERS, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this Declaration based upon personal knowledge unless otherwise indicated.

2. I am an attorney admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois, and other federal district courts. I make this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

3. I am a partner at the law firm of McGuire Law, P.C. and I, along with Myles McGuire of my firm and Michael J. McMorrow of McMorrow Law, P.C., have been appointed as Class Counsel in this matter, representing Plaintiffs Misty Murray and Shaun Murray ("Plaintiffs"), as well as the Settlement Class.

4. All capitalized terms in this Declaration have the same meaning set forth in the simultaneously filed Plaintiffs' Motion & Memorandum in Support of Final Approval of Class Action Settlement.

5. My firm has regularly engaged in major complex litigation on behalf of consumers, and has extensive experience in class action lawsuits that are similar in size and

complexity to the present case. Myles McGuire and I have also been appointed as class counsel in numerous complex consumer class actions.

6. Our firm also has extensive experience in prosecuting consumer class actions involving the TCPA in particular. The first federal circuit court opinion authorizing consumer suits for unauthorized text messages was litigated by the attorneys of McGuire Law at their previous firm, and subsequent reported opinions in multiple federal districts regarding the TCPA have also been litigated by the attorneys of McGuire Law. See, e.g., *Weinstein v. The Timberland Co., et al.* (N.D. Ill. 2008); *Satterfield v. Simon & Schuster* (N.D. Cal. 2010); *Lozano v. Twentieth Century Fox* (N.D. Ill. 2011); *Kramer v. Autobytel* (N.D. Cal. 2011); *Rojas v. Career Education Co.* (N.D. Ill. 2012); *In re Jiffy Lube Spam Text Litigation*, (S.D. Cal. 2012); *Lee v. Stonebridge Life Ins. Co. et al.*, (N.D. Cal 2013).

7. Through the investigation, litigation, mediation, and settlement process, I, along with the other attorneys and employees of McGuire Law, have gained an intimate understanding of the instant litigation and believe the Settlement to more than exceed the "fair, adequate, and reasonable" standard required for the Court's approval.

8. In litigating this case, Class Counsel were required to conduct substantial investigation into the claims in this case, to engage in significant discovery relating to class certification issues and significant legal research regarding untested questions in the class certification context, to prepare for and attend two separate mediations, to draft a comprehensive settlement agreement, to prepare preliminary approval papers and accompanying exhibits, including the Class Notices and several declarations, and to prepare the instant final approval papers. Class Counsel also invested substantial time speaking with class members who called with questions and comments about the Settlement. All of this work was done on behalf of the

Plaintiffs and the Class without compensation and requiring that other work be foregone.

9. On January 28, 2014, I along with other Counsel for the parties participated in a formal mediation with Hon. Edward A. Infante (ret.), former Chief Magistrate Judge of the U.S. District Court for the Northern District of California, at JAMS in San Francisco, CA. After a day-long mediation, the Parties were unable to reach an agreement. At that time, Judge Infante made a proposal of a negotiating range, which was independently accepted by both Parties. As a result, the Parties agreed to return to San Francisco for an additional day-long mediation on March 13, 2014. The Parties reached an agreement in principle to resolve the case at the second mediation.

10. Despite this agreement in principal, the Settlement Agreement was not finalized until Plaintiffs' counsel negotiated the specific terms of the Settlement Agreement with counsel for the Defendant in the months that followed, together with assistance and guidance from Judge Infante. Eventually, these discussions culminated in the Settlement Agreement.

11. Only after the relief to the Class was agreed-upon and several drafts of settlement papers had been exchanged, did the Parties decide upon the amount of attorneys' fees or incentive awards.

12. Class Representatives Misty Murray and Shaun Murray brought this matter to the attention of the lawyers of my firm, and remained vitally involved in this litigation from the outset. Their continued attentive involvement was critical to the ultimate successful resolution of this matter to the benefit of the Settlement Class. The Class Representatives showed a strong commitment to the Class and this action by assisting Class Counsel in answering lengthy discovery, sitting for depositions, and aiding in preparation for the mediations that resulted in this Settlement. I believe that, but for the participation of the Class Representatives, the

substantial benefit to the Class available through the Settlement would not have resulted.

13. Prior to the mediations, the Parties never discussed incentive awards of any type, and there was no pre-agreement with the Class Representatives concerning any award for being a class representative or bringing the suit.

14. To my knowledge, which has been confirmed by Defendant's counsel, Mark Blocker, no Attorney General has filed or otherwise indicated any objection to the Settlement or any aspect of it.

15. After submitting the Settlement to this Court and receiving preliminary approval on July 24, 2014, the Parties and Settlement Administrator Heffler Claims Group began the process of effectuating the Notice Plan and responding to inquiries from Settlement Class Members.

16. I believe that the claims of the Class Representatives and Settlement Class Members are strong, and that if this case were to proceed to either the summary judgment or trial stages of litigation, we would likely succeed on the merits.

17. However, several variables remain that support the Parties' decision to enter into settlement, including the complexity of the case, the uncertainties involved in the class certification context, the amount in controversy, the stage of the litigation, and the presence of highly-experienced and skilled defense counsel from a top-tier national defense firm, dedicated to pursuing the defense of this action in the absence of settlement.

18. I am certain that were this litigation to continue, both sides would spend a considerable amount of time and money in labor and expenses in briefing a class certification motion, the almost certain appeal of that class certification motion by the losing side, motions for summary judgment, preparing expert witness discovery, and then arguing and briefing numerous

4

evidentiary and pre-trial motions. Further, in addition to the risks and uncertainties for both Parties of both a class certification decision and a trial, a trial would significantly increase the costs to both Parties, and would necessitate months of preparation and the calling of witnesses from across the country. And, given the sheer amount at controversy, it is absolutely certain that the losing party would appeal any decision on the merits, in addition to the appeal of class certification.

19. Thus, given the complexity and novelty of legal issues involved, the vigorous and nuanced defenses that Defendant and its highly skilled counsel raised and promised to raise in the litigation, as well as Defendant Bill Me Later's indication that absent a settlement it will continue pursuing these arguments and defenses, I believe that the Settlement Agreement provides a substantial benefit to the Settlement Class and is fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Deerfield, Illinois on November 6, 2014.

By: /s/ Evan M. Meyers
      Evan M. Meyers

5