# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MISTY MURRAY AND SHAUN MURRAY, individually and on behalf of a class of similarly situated individuals,  )<br>)<br>)<br>)<br>*Plaintiffs*,  )<br>)<br>v.  )<br>)<br>BILL ME LATER, INC., a Delaware corporation,  )<br>)<br>*Defendant*.  ) | No.  12-cv-04789<br><br>Hon. Sara L. Ellis |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. All capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement"), unless otherwise noted.

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated July 24, 2014, and adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and supporting declarations. The Court

notes that there have been no objections filed with the Clerk of the Court by Settlement Class Members.

5. The Court held a Final Approval Hearing on November 20, 2014, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, further support this finding.

7. Pursuant to Rules 23(c) and 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All persons who from June 15, 2008 through the date of preliminary approval, (a) received a call on their cellular phone made by or on behalf of Bill Me Later, Inc. ("BML") using an automatic telephone dialing system and the called party did not give consent for BML to make such a call, or (b) received a call on their cellular phone or residential telephone line made by or on behalf of BML using an artificial or prerecorded voice to deliver a message and the called party did not give consent for BML to make such a call.

8. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order and Judgment. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

9. For settlement purposes only, Plaintiffs Misty Murray and Shaun Murray are hereby appointed as Class Representatives of the Settlement Class.

10. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

**Myles McGuire**
**Evan M. Meyers**
McGuire Law, P.C.
161 N. Clark St., 47th Floor
Chicago, IL 60601

**Michael J. McMorrow**
McMorrow Law P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60604

11. With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have adequately and fairly represented, and will continue to adequately and fairly represent, the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual Settlement Class Members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

12. The Court has determined that the Class Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, applicable law, and Due Process.

13. The Court finds that BML properly and timely notified the appropriate state and federal officials of the Settlement Agreement pursuant to 28 U.S.C. § 1715. The Court has

reviewed the substance of BML's notices and accompanying materials, and finds that they complied with all applicable requirements of 28 U.S.C. § 1715.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

15. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against BML. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

16. The Court adjudges that the Plaintiffs and all Settlement Class Members who receive a distribution from the Settlement Fund shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement. The Court further adjudges that each Settlement Class Member who did not timely and validly request exclusion from the Settlement, but for whatever reason does not receive a distribution from the Settlement Fund, has nonetheless received valid consideration in the form of the foregone opportunity to receive money, and they shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

17. The Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiffs have, and the Settlement Class Members are deemed to have, knowingly waived the protections

4

of California Civil Code § 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

18. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against anyone.

20. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the quantifiable value of the Settlement is at least

5

$9.9 million. The Court therefore considers the Settlement to provide substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms' length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel, as a group, would seek an award in the amount sought.

21. The Court approves the incentive award of $_____ each for Class Representatives Misty Murray and Shaun Murray and specifically finds such amount to be reasonable in light of the services performed by Plaintiffs for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. All checks issued to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within 180 days of issuance shall be directed equally to a recipient or recipients which the Court will as appropriate *cy pres* recipients, if necessary. Likewise, to the extent there are any funds remaining from the Distributable Settlement Fund, including funds associated with uncashed checks mailed to Settlement Class Members and any funds that are not or cannot be distributed to Settlement Class Members for any reason, such funds shall be directed equally to the same recipients.

23. Neither this Final Order and Judgment nor the Settlement Agreement nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against BML or any of the Released Parties of any fault, omission,

liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by BML or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or the other, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or BML.

24. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

25. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

26. Without affecting the finality of this Final Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Litigation and the Settlement Class Members for the purpose of

7

implementing and enforcing the Settlement Agreement until each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed.

So ordered this ___ day of _____, 2014.


_____
Hon. Sara L. Ellis
U.S. District Court Judge

## APPENDIX 1

(Exclusions from Settlement)

| First Name | Last Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| Raymond | Alexander | 201 C.O. Circle | Lafayette | LA | 70501 |
| Prince | Auguste | 10432 Boynton Place Cir | Boynton Beach | FL | 33437 |
| Ubaldo | Bocanegra | 580 Hastings Ln.,N.W. | Rochester | MN | 55901 |
| Stacie | Bowie | 21 Bernhard St | Hempstead | NY | 11550 |
| Clayton | Bruton | PO Box 163151 | Sacramento | CA | 95816 |
| Susan | Burke | 597 Eastern Ave. | Barton | VT | 5822 |
| Essie | Camphor | 1007 Class Drive | Port Gibson | MS | 39150 |
| Jayla | Cheng | 98 Madison St 12A | New York | NY | 10002 |
| Paul | Deaton | 33794 Paradise Ln. | Wildomar | CA | 92595 |
| Joseph | Feeley | 138 Woodbridge | Buffalo | NY | 14214 |
| Latonia | Gatlin | 4553 Wallace Drive | Wallace | SC | 29596 |
| Debbie | Goulart | 43 Sunset Terrace PO Box 893 | Brooklyn | CT | 06234-0893 |
| Harry | Herbst | 305 Royal Wood Ct. | Vandalia | OH | 45377-1800 |
| Nesmar | Hernandez | URB Metropolis A18 Calle 3 | Carolina | PR | 00987-7402 |
| Antionette | Hopkins | 20201 Plymouth Apt 316 | Detroit | MI | 48219 |
| Klint | Huppi | 260 East 200 South | Millville | UT | 84326 |
| Mardi | Janse Va Rensburg | 10327 Autumnwood Drive | Hudson | FL | 34667 |
| Karen | Killian | 7831 N. Mansionette Drive | Fresno | CA | 93720 |
| Christopher | Kopf | 6712 Elmwood Ave. | Cheyenne | WY | 82007 |
| Raymond | Longshore | 123 Hwy 70 East | Glenwood | AR | 71943 |
| Mario | Mantilla | 6633 Bauer Dr. | Corpus Christi | TX | 78411 |
| Tara | McDowd | 5013 Old Cliffs Rd | San Diego | CA | 92120 |
| Diana | Miller | 5317 Township Rd. 384 | Millersburg | OH | 44654 |
| Taurean | Morrow | PO Box 66 | Madison | AR | 72359 |
| Shawna | Murphy | 9939 2nd Ave | Hesperia | CA | 92345 |
| Anna | Newson | 6506 Seco Blvd | Dallas | TX | 75217 |
| Tran | Nguyen | 2855 Senter Rd Spc 78 | San Jose | CA | 95111-1138 |
| Jurita | Ochoa | 781 Gore Rd | Selah | WA | 98942 |
| Maria | Rincon | 411 SW 1st. St. | Morton | TX | 79346 |
| Alexis | Simmons | 328 Windsor Walk | Conyers | GA | 30094 |
| Rhonda | Townson | 307 Scotchpine St | Mandeville | LA | 70471 |
| Glinda | Youkhana | 3315 Winntka Rd A3 | Glenview | IL | 60026 |